UNITED STATES of America, Plaintiff-Appellee,

v.

Lynwood FINCHER, Defendant-Appellant.

No. 83–8037.

United States Court of Appeals, Eleventh Circuit.

Jan. 27, 1984.

Rehearing and Rehearing En Banc Denied March 19, 1984.

Margaret Johnson, Macon, Ga., court-appointed, for defendant-appellant.

W. Louis Sands, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD *, District Judge.

DUMBAULD, District Judge:

Appellant here seeks to escape punishment for violation of the general conspiracy statute (18 U.S.C. 371) by invoking the settled doctrine that such a conspiracy is not established if the only alleged conspirators are the defendant and a government agent. However, we affirm on the equally well settled corollary doctrine that a government agent may serve as a "link" between "genuine" conspirators. *Sears v. U.S.*, 343 F.2d 139, 142 (5th Cir.1965).[1]

That the "link" rule is applicable in the case at bar will be demonstrated by a review of the facts.

Appellant was introduced to government agent Reese by one Suzanne Johnson at a cocktail lounge. Reese posed as an airplane pilot transporting machine guns to South America and exchanging them for drugs. Appellant told Reese that he had a source in Florida, but did not succeed in getting any automatic weapons from that source. He then turned to one Jenkins to furnish the arms needed for the contemplated sale to Reese. Jenkins happened to be (unknown to appellant) an informer for Georgia police, and contact was made with the federal agents who instructed Jenkins to cooperate with appellant. Jenkins contacted one Grady Taylor (indicted as a co-conspirator) who obtained eighteen machine guns from one Jackson (also indicted as a co-conspirator) which were sold to a government agent in appellant's absence, and after appellant had withdrawn from the enterprise. Before such withdrawal Jackson had contacted one Alder and Barron (also indicted as co-conspirators) who supplied eighteen semi-auto-

matic weapons which required modifications to make them fully automatic.

On March 14, 1982, appellant may be deemed to have withdrawn from the conspiracy because of inability to procure payment of the purchase money from government agent Reese before delivering the weapons. Reese insisted on having the weapons before paying the money. Appellant was unable to proceed with the sale, since he needed the money to complete the work to be done on some of the guns to make them automatic, as required by the purchaser.

From the foregoing, it will be seen that Jenkins, who was a government agent though unbeknownst to appellant, served as a link between appellant and the sources from whom he was to obtain the guns to be sold to government agent Reese (namely co-conspirators Taylor, Jackson, Alder, and Barron). Although appellant had no direct dealings other than with Jenkins (a government agent) Jenkins was in fact appellant's agent for the purpose of procuring the weapons to be sold to Reese. It was obvious and known to appellant that in order to obtain the weapons to be sold to Reese it was necessary to procure the co-operation of other participants in the enterprise or conspiracy, since appellant's original contemplated source in Florida had failed to produce the necessary merchandise. Appellant up to the time of his forced withdrawal from the deal was *au courant* with the progress of the negotiations Jenkins was conducting (as a "link", to use the term of art from the cases) with the other co-conspirators engaged in furtherance of the criminal enterprise.

Other procedural arguments are advanced by appellant, which we have considered but find unpersuasive.

Accordingly the judgment appealed from is hereby

AFFIRMED.

---

* Honorable Edward Dumbauld, U.S. District Judge of the Western District of Pennsylvania, sitting by designation.

1. For the "link" rule see also *Sigers v. U.S.*, 321 F.2d 843, 848 (5th Cir.1963); and *U.S. v. Martino*, 648 F.2d 367, 405 (5th Cir.1981).