The UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie BARBOA, Defendant-Appellant.

No. 84–2611.

United States Court of Appeals,
Tenth Circuit.

Nov. 29, 1985.

Charles Roberts of El Paso, Tex. (James T. Allen and Charles L. Scruggs of Johnson, Allen & Peterson, P.C., El Paso, Tex., on brief), for defendant-appellant.

Stanley Kotovsky, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Don J. Svet, First Asst. U.S. Atty., on brief), Albuquerque, N.M., for plaintiff-appellee.

Before BARRETT and SEYMOUR, Circuit Judges, and GREENE,* District Judge.

SEYMOUR, Circuit Judge.

Eddie Barboa appeals from the denial by the district court of his motion to vacate sentence and his application for bond pursuant to 28 U.S.C. § 2255 (1982). The questions presented are: (1) whether an uncontroverted sworn allegation that his sole co-conspirator was a government informant warranted an evidentiary hearing; and (2) whether allowing natural gas to escape from an open line constitutes an "explosive" within the meaning of 18

---

* The Honorable J. Thomas Greene, United States District Judge, District of Utah, sitting by desig-

U.S.C. § 844(i) and (j) (1982). We reverse in part and remand to the district court for an evidentiary hearing.

### I.

On February 25, 1982, Barboa pled guilty to a one-count information charging conspiracy to damage and destroy by explosives a building used in an activity affecting interstate commerce. *See* 18 U.S.C. §§ 371 and 844(i), (j). At his guilty plea, he admitted the following facts:

"MR. BARBOA: Sometime in September, late September or October, a man approached me and asked me if he could use my license for the contract—I will make it as brief as possible—and in the course of events, he found out that I was having some financial problems and he asked me if I had insurance on my laundry, found out the laundry was there, he suggested that we burn it; that he knew how to do it and I could collect the insurance money. He said he would do it for a sum of money.

"I at first told him I was not interested, but later on, after, oh, I would say about the fifth time he asked me or suggested it, I finally told him that I would be interested. Then he asked me to show him how it should be done, and later on asked me if I could get him a regulator, which I did, sir.

"THE COURT: All right, sir. And this individual's name, was that Robert Edwards?

"MR. BARBOA: Yes, sir.

"THE COURT: All right, sir. And you did provide him with a natural gas regulator?

"MR. BARBOA: Yes, sir."

Rec., vol. I, at 68. The district court determined that the plea was voluntary, found Barboa guilty of conspiracy, and thereafter sentenced him to three years' imprisonment, to run consecutively with an unrelated sentence.

nation.

On October 3, 1984, Barboa filed the motions and accompanying memoranda which are the subject of this appeal. The district court issued a summary denial.

## II.

■ This court must conduct a two-step inquiry in reviewing a habeas corpus claim under 28 U.S.C. § 2255. First, we must determine whether the petitioner's allegations, if proved, would entitle him to relief. If they would, we must then decide whether the district court abused its discretion in summarily denying an evidentiary hearing. *See Townsend v. Sain,* 372 U.S. 293, 307–09, 318, 83 S.Ct. 745, 754–55, 759, 9 L.Ed.2d 770 (1963).

### A.

■ Barboa has alleged that the man with whom he purportedly conspired was actually a government informant. We have stated in dicta, and we now hold, that there can be no indictable conspiracy involving only the defendant and government agents or informers.[1] *See United States v. Newman,* 733 F.2d 1395, 1402 (10th Cir. 1984). A conspiracy is an agreement between two or more people to commit an unlawful act, and there is no real agreement when one "conspires" to break the law only with government agents or informants. The elements of the offense are not satisfied unless one conspires with at least one true co-conspirator. *United States v. Escobar de Bright,* 742 F.2d 1196, 1199 (9th Cir.1984). Conspiracy is a crime in part because of the dangers of concerted

action, but these risks do not exist when the only co-conspirator is a government agent:

> "There is no continuing criminal enterprise and ordinarily no inculcation of criminal knowledge and practices. Preventive intervention by law enforcement officers also is not a significant problem in such circumstances. The agent, as part of the 'conspiracy,' is quite capable of monitoring the situation in order to prevent the completion of the contemplated criminal plan; in short, no cloak of secrecy surrounds any agreement to commit the criminal acts."

*Id.* at 1199–1200. This rule also deters the "manufacturing" of crime which might occur if the mere presence of government agents could create indictable conspiracies. *Id.* at 1200. If it were determined that Barboa "conspired" only with a government agent or informant, the conviction and sentence could not stand. *See infra* note 3.

### B.

■ Having decided that Barboa's allegations, if proved, would entitle him to relief, we must consider whether the trial judge abused his discretion in summarily denying him an evidentiary hearing.[2]

■ In his motion to vacate sentence, Barboa asserted that the individual with whom he supposedly conspired was in fact a government agent. This allegation was unsupported by facts or information, but it was put forth in a sworn pleading. It is not controverted by anything in the

---

1. This rule has been adopted by every circuit addressing the issue. *See, e.g., United States v. Escobar de Bright,* 742 F.2d 1196, 1199–1200 (9th Cir.1984); *United States v. Pennell,* 737 F.2d 521, 536 (6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); *United States v. Tombrello,* 666 F.2d 485, 490 n. 3 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); *United States v. Barnes,* 604 F.2d 121, 161 (2d Cir.1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *United States v. Moss,* 591 F.2d 428, 434 n. 8 (8th Cir.1979); *United States v. Chase,* 372 F.2d 453, 459 (4th Cir.), *cert. denied,* 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); *Sears v. United States,* 343 F.2d 139, 142 (5th Cir.1965).

*Cf. United States v. Cordero,* 668 F.2d 32, 43 (1st Cir.1981) (participation of government

agent does not negate conspiracy where government agent is conduit between defendant and genuine conspirators). *Accord, United States v. Fincher,* 723 F.2d 862, 863 (11th Cir.1984).

2. The federal habeas statute requires the district court to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The statute does not divest the district courts of their discretion, however, *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962), and so Barboa must show that the trial judge abused that discretion in failing to hold an evidentiary hearing. *See United States v. Baynes,* 622 F.2d 66, 68 (3d Cir.1980).

record.[3] On appeal, the government acknowledges that Robert Edwards was an unindicted co-conspirator and responds only that the allegation is "factually inaccurate." Brief of Appellee at 3–4. While it would have been preferable for Barboa to plead facts in support of this assertion, his allegation strikes at the heart of the crime and is so substantial that we believe it was an abuse of discretion for the district court to deny his request for a hearing. *Cf. Townsend v. Sain,* 372 U.S. at 317, 83 S.Ct. at 759 (habeas available where newly discovered evidence alleged which could not reasonably have been presented to fact-finder or where prisoner unaware of importance of relevant facts).

We therefore reverse the dismissal of the district court and remand for an immediate evidentiary hearing to determine whether Robert Edwards was a government agent or informant when he purportedly conspired with Barboa. If he was, the district court must vacate Barboa's conspiracy conviction and sentence.

### III.

Barboa argues next that he could not be guilty of conspiring to damage or destroy a building affecting interstate commerce by an explosive or incendiary device, *see* 18 U.S.C. § 844(i) and (j), because allowing natural gas to escape from an open line does not constitute an "explosive" within the meaning of the statute. The law of this circuit is dispositive of this claim, and we therefore affirm the order of the district court on this issue. *See United States v. Ramsey,* 726 F.2d 601, 603 (10th Cir.1984) (spreading gasoline throughout building and igniting it constitutes use of "explosive" for purposes of statute); *Unit-*

ed *States v. Bunney,* 705 F.2d 378, 380–81 (10th Cir.1983) (gasoline poured in room and ignited by cigarette or matches is "explosive" under statute); *United States v. Poulos,* 667 F.2d 939, 942 (10th Cir.1982) (pouring gasoline around room and igniting it with incendiary device, such as pilot light, violates statute).

### IV.

Because Barboa is presently incarcerated on an unrelated charge, the district court's denial of his application for bond is affirmed. Were it not for his guilty plea to conspiracy, however, he might be eligible for parole. Under these circumstances, the district court should proceed expeditiously to determine whether Barboa's alleged co-conspirator was in fact a government agent.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**3.** We find unpersuasive the government's argument that Barboa's guilty plea serves as an admission that he committed the crime of conspiracy. Barboa admitted, as a matter of fact, that he discussed burning down his laundromat with Edwards. A plea of guilty, however, does not bar a claim that the defendant may not constitutionally be convicted in the first instance, "no matter how validly his factual guilt is established." *Menna v. New York,* 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975). If Barboa pled guilty to something which was not a crime, he is not now precluded

from raising this jurisdictional defect, which goes "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974). *See also United States v. Meacham,* 626 F.2d 503, 509–10 (5th Cir.1980) (guilty plea does not bar jurisdictional claim that indictment for "conspiracy to attempt" failed to charge offense); *Journigan v. Duffy,* 552 F.2d 283, 288–89 (9th Cir.1977) (guilty plea no bar to claim that defendant was prosecuted under unconstitutional statute).