943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Luis ALVARADO, Defendant-Appellant.
 No. 91-2129.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jesus Luis Alvarado appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of 60 months imprisonment imposed upon him following his plea of guilty to one count of possession with intent to distribute more than 100 kilograms of marijuana. In his motion Alvarado contended that his guilty plea was uninformed, that he was denied his right to appeal, and that the sentencing guidelines were incorrectly applied to determine his sentence. The government filed a brief in response. Then Alvarado, acting pro se and through his jailhouse lawyer, filed a document entitled "Report to the Court" in which he stated "with sadness" that he had been preyed upon by an unscrupulous inmate who caused him to file "unmeritorious legal claims", and that "Petitioner is forced to admit that the government has proved that none of the claims previously submitted to the Court herein have any merit." R., Tab 18. Notwithstanding this admission by Alvarado, the magistrate judge reviewed his § 2255 motion, issued proposed findings, and recommended denial of the motion. Alvarado objected, claiming that he was entitled to an evidentiary hearing. The district court adopted the proposed findings and recommendation of the magistrate judge and dismissed Alvarado's motion with prejudice.
 
 
 3
 On appeal, Alvarado raises only the issue of his claimed right to an evidentiary hearing. He contends that the because the record does not establish what was stated to him in Spanish by the interpreter at the hearing on his guilty plea, an evidentiary hearing is required, to allow him to prove his plea was uninformed. As he puts it, "For all we know the interpreter could have asked the defendant if the moon is made of green cheese." R., Tab 21 at 2.
 
 
 4
 The record of this case affirmatively shows that the district court conducted a very complete Fed.R.Crim.P. 11 hearing with respect to Alvarado's guilty plea, that there was a written plea agreement, a written presentence report, and a complete sentencing hearing in open court, on the record. Alvarado was represented by counsel throughout the proceedings, and there was an interpreter. Questions and statements were clearly and succinctly propounded, and the answers recorded. Those proceedings are entitled to a presumption of regularity which cannot be overcome by Alvarado's unsupported allegations, expressed as follows: "This is not to say that the interpreter misrepresented anything, but it appears the structure of the translation could easily have been misconstrued by any person under the circumstances that existed." R., Tab 22 at 2. There is, of course, no constitutional or statutory requirement that Spanish translations at plea hearings be electronically recorded.
 
 
 5
 Section 2255 provides that a hearing is not necessary when "the files and records of the case conclusively show that the prisoner is entitled to no relief...." And, a decision of the district court denying an evidentiary hearing is reviewed for abuse of discretion. United States v. Barboa, 777 F.2d 1420 (10th Cir.1985). After a careful review of the record in this case, we are satisfied that the district court did not abuse its discretion when it declined to hold an evidentiary hearing in 1991 with respect to what Alvarado claims he understood the interpreter to say during his plea and sentencing hearings in 1989. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 6
 his order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.