951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alan Irving RAZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6395.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Alan Raz appeals an order of the district court denying his request for relief made pursuant to 28 U.S.C. § 2255. On appeal, Raz raises four issues. First, he contends that the district court erred in determining that the plea agreement had been substantially complied with because the government had returned Raz's property that was not used as evidence in his trial. Second, Raz argues the district court erred in determining his sentence under the Sentencing Reform Act of 1984. Third, Raz asserts that he was denied representation by competent counsel. Fourth, Raz claims that the district court erred in deciding that an evidentiary hearing was not necessary. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 On August 9, 1990, the district court ordered the government "to expand the record with respect to its compliance with the plea agreement regarding the return of Defendant's property." On October 5, 1990, the district court ordered the government "to return the Defendant's property [a watch, passport, and utility bill] to him within 15 days of the date of this order." The court then stated that "[u]pon return of the Defendant's property, the Defendant's fifth and only remaining ground for relief in his 28 U.S.C. § 2255 motion will be deemed moot." After reviewing the record, we find that the government has now returned Raz's property in compliance with the plea agreement.
 
 
 4
 However, Raz continues to request that the government return other property, including, among other things, a marijuana growers handbook, a box containing "High Times" magazines, Ohaus scales, glass vials, a funnel, Samler tubes, and various currency. The plea agreement stated that the government would only return property that was not evidence in the case. All of the items Raz seeks to have returned constitute evidence. Therefore, the district court correctly determined that only Raz's watch, passport, and utility bill should be returned.
 
 
 5
 Raz also asserts that the district court erred in computing his sentence under the Sentencing Reform Act of 1984. This contention should have been raised in petitioner's direct appeal of his conviction. Raz cannot use § 2255 to challenge the legality of matters that should have been raised on direct appeal unless good cause is shown. United States v. Khan, 835 F.2d 749 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Raz offers no explanation whatsoever for his failure to raise these matters on direct appeal. Therefore, this contention must fail.
 
 
 6
 Turning to the petitioner's claim that he was denied effective assistance of counsel, we find that Raz has not demonstrated deficient representation and resulting prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Raz asserts that his counsel was deficient in not hiring an expert to rebut the testimony offered by a DEA chemist and by instead calling Raz to testify as to the amount of drugs involved. A choice between differing trial strategies does not constitute deficient representation. Moreover, Raz has failed to demonstrate that he suffered prejudice as a result of this particular trial strategy. Therefore, this claim also must fail.
 
 
 7
 Section 2255 requires the district court to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We review a decision of the district court denying an evidentiary hearing for abuse of discretion. United States v. Barboa, 777 F.2d 1420, 1422 n. 2 (10th Cir.1985). After carefully reviewing the record, we conclude that the district court did not abuse its discretion when it declined to hold an evidentiary hearing in this matter. The mandate shall issue forthwith.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3