986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marshall E. MASSENGILL, Petitioner,
v.
Donald A. DORSEY, Warden, Respondent.
 No. 92-2073.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Marshall E. Massengill appeals the district court's dismissal of his petition for habeas corpus relief. Mr. Massengill claims that his counsel rendered ineffective assistance in several ways. The district court certified that there was probable cause for this appeal. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Mr. Massengill was convicted in New Mexico state court of burglary, disposing of stolen property, and escape, and was sentenced to four and one-half years in prison. The state subsequently filed a supplemental criminal information alleging that he was an habitual offender. After a jury found him to be an habitual offender, the court enhanced his sentence to twenty-eight and one-half years. His convictions were affirmed on appeal. Mr. Massengill sought post-conviction relief in state court on the basis of ineffective assistance of counsel at his trials. This relief was denied.
 
 
 4
 Mr. Massengill then filed a habeas corpus petition in the U.S. district court pursuant to 28 U.S.C. § 2254. He moved for an evidentiary hearing, and the magistrate judge denied the motion. The magistrate judge later issued proposed findings and disposition recommending that Mr. Massengill's petition be dismissed with prejudice. After a de novo review, the district court adopted the magistrate judge's proposed findings and recommendation and dismissed the petition with prejudice.
 
 
 5
 On appeal, Mr. Massengill has divided his claims of ineffective assistance of counsel between those acts or omissions of counsel that cannot be demonstrated from the record and thus need an evidentiary hearing and those acts and omissions identifiable from the record. Those acts and omissions allegedly requiring an evidentiary hearing are counsel's failure to investigate a witness's motives and to adequately cross-examine the witness; counsel's failure to interview and secure the presence of a favorable witness; and counsel's erroneous advice concerning sentence enhancement for being an habitual offender, which led to his rejecting a plea bargain. In addition, Mr. Massengill claims that the record adequately supports these alleged counsel errors: she failed to competently litigate his Fourth Amendment claim, which would have led to the suppression of various evidence; and she failed to object on certain grounds to the admission of recorded preliminary hearing testimony by one witness.
 
 
 6
 We review a district court's denial of a motion for an evidentiary hearing for abuse of discretion. United States v. Barboa, 777 F.2d 1420, 1422 n. 2 (10th Cir.1985). To be entitled to an evidentiary hearing, a habeas corpus petitioner must allege facts that, if proved, would entitle him to relief. Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir.1991). In his order denying Mr. Massengill's motion for an evidentiary hearing, the magistrate judge correctly found that to succeed on his claim, Mr. Massengill must show both that his counsel's performance was deficient and that that deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991). The magistrate judge found that Mr. Massengill failed to meet his burden of alleging facts indicating he was prejudiced by his counsel's performance even assuming that performance was deficient. We agree. For substantially the same reasons as stated in the magistrate judge's August 22, 1991, order, we AFFIRM the denial of Mr. Massengill's motion for an evidentiary hearing.
 
 
 7
 A claim of ineffective assistance of counsel raises a mixed question of law and fact. United States v. Maxwell, 966 F.2d 545, 547 (10th Cir.), cert. denied, 113 S.Ct. 826 (1992). We review the facts found by the district court under a clearly erroneous standard and review the ultimate legal issues de novo. United States v. Miller, 907 F.2d 994, 996 (10th Cir.1990). After fully considering petitioner's arguments and reviewing the record, we conclude that the district court did not err in adopting the magistrate judge's proposed findings and recommended disposition and rejecting petitioner's claims. Therefore, for substantially the same reasons as stated in the magistrate judge's March 4, 1992, recommendation, we AFFIRM the district court's dismissal of the petition.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3