62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America Plaintiff-Appellee,
v.
Larry D. THATCHER, Defendant-Appellant.
 No. 95-4014.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis in order to reach the merits of the case.
 
 
 2
 Petitioner Larry D. Thatcher appeals the denial of his motion under 28 U.S.C. 2255 attacking the sentence imposed after a jury trial and his conviction of federal drug violations. Petitioner asserted that he received ineffective assistance of trial counsel, based on his attorney's failure (1) to investigate and call a witness essential to his case; (2) to cross-examine a law enforcement officer who was a key witness against him; and (3) to challenge for cause two allegedly biased jurors.
 
 
 3
 On appeal petitioner asserts that the district court erred in denying his 2255 motion without a hearing.[2] Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a ... hearing, [and] determine the issues." 28 U.S.C. 2255. However, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides "[i]f it plainly appears from the face of the motion ... [and all the files, records, transcripts, and correspondence relating to the judgment under attack] that the movant is not entitled to relief, ... the judge shall make an order for its summary dismissal."
 
 
 4
 We review a district court's order denying an evidentiary hearing for abuse of discretion. United States v. Barboa, 777 F.2d 1420, 1422 & n. 2 (10th Cir.1985). The district court's order reveals a careful and complete review of petitioner's motion. The order sets forth the reasoning and legal authority for rejecting each of the three factual bases for petitioner's ineffective assistance of counsel claims. Cf. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988) (vacating district court order summarily dismissing 2255 motion without a hearing; order failed to indicate whether court reviewed files and records and provided no basis for appellate review). Although the district court judge presided over the jury trial, and thus was aided by familiarity with the cases, he did not rely solely upon his recollection. Cf. United States v. Scully, 798 F.2d 411, 413 (10th Cir.1986) ("Where a record is available which would support or contradict a defendant's factual challenge to his conviction, the district court judge cannot rely solely on his own recollection of events to rule on the merits.").
 
 
 5
 Our review of the record on appeal supports the district court's decision not to hold an evidentiary hearing. Even if the facts are as petitioner asserts in his motion and briefs, he cannot show that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Osborn v. Shillinger, 861 F.2d 612, 626 (10th Cir.1988) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). We cannot add significantly to the analysis of the district court in its order of January 9, 1995, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner claims that the denial of a hearing was contrary to the order in United States v. Thatcher, 93-4152 (10th Cir.1994), in which a panel of this court declined to address the ineffective assistance of counsel claims on direct appeal. However, that order and judgment merely dismissed the ineffective assistance of counsel claims "without prejudice to their examination on collateral proceedings under 28 U.S.C. 2255," slip opinion at 4-5, and did not address the issue of a hearing