F I L E D
United States Court of Appeals
Tenth Circuit

JUL 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIE VAN JOHNSON,

Defendant-Appellant.

No. 96-2008
(D.C. No. CIV-93-1366-SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Defendant Willie Van Johnson appeals the district court's order adopting the magistrate judge's findings and recommended disposition, denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, his motion for an evidentiary hearing, and his motion to supplement the record. We affirm.

I. Background

On May 23, 1988, Mr. Johnson and a passenger were stopped by New Mexico State Police Officer Daniel Sanchez for exceeding the speed limit. This stop ultimately led to the discovery of cocaine in the trunk of Mr. Johnson's car and his arrest and charge for possession with intent to distribute cocaine. Mr. Johnson pled guilty to the charge and was sentenced to ten years' imprisonment followed by five years' supervised release. Mr. Johnson did not appeal.[1]

Prior to entry of his guilty plea, Mr. Johnson moved to suppress the drugs based on his contention that the search of his automobile by Officer Sanchez was not consensual. Following a hearing on the suppression motion, the district court, finding that Mr. Johnson

---

[1] The magistrate judge assumed "*arguendo*" that Mr. Johnson had established cause and prejudice for his failure to raise his claims in a direct appeal. R. Vol. I, tab 46 at 3; see United States v. Frady, 456 U.S. 152, 167-68 (1982) (to obtain relief from claims not raised on direct appeal, a habeas petitioner must show "'cause' excusing his . . . procedural default, and . . . 'actual prejudice' resulting from the errors of which he complains"). Because procedural bar of Mr. Johnson's claims was not addressed by the district court further or raised at any time by the government, we will accede to the magistrate judge's assumption and reach the merits of Mr. Johnson's claims.

had admitted lying to the officers at various times, accepted the testimony of Officer Sanchez.

In his federal habeas corpus motion, Mr. Johnson alleged that the government was in possession of evidence at the time of his suppression hearing which would have cast doubt on the credibility of the testimony of Officer Sanchez regarding the circumstances surrounding the traffic stop and subsequent search of Mr. Johnson's vehicle. Mr. Johnson alleged that the government's failure to disclose this information violated Brady v. Maryland, 373 U.S. 83 (1963). He asserted that, by nondisclosure of the information, he was denied the opportunity to impeach Officer Sanchez's testimony that Mr. Johnson had given written consent to the search of his vehicle. Because Officer Sanchez and Mr. Johnson were the only witnesses testifying at the suppression hearing, Mr. Johnson alleged that there was a reasonable probability that the outcome of the suppression hearing would have been different if the evidence had been disclosed. In the alternative, Mr. Johnson alleged that his counsel's failure to discover this evidence constituted ineffective assistance of counsel.

## II. Discussion

### A. Brady Violation

First, Mr. Johnson alleged that the prosecution's failure to disclose certain evidence regarding Officer Sanchez constituted a Brady violation. In Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; accord Smith

v. Secretary of N. M. Dep't of Corrections, 50 F.3d 801, 823 (10th Cir.) ("The essence of the

*Brady* rule is the proposition that nondisclosure of material exculpatory evidence violates a

defendant's due process right to a fair trial."), cert. denied, 116 S. Ct. 272 (1995).

"A defendant who knowingly and voluntarily pleads guilty waives all non-

jurisdictional challenges to his conviction." United States v. Wright, 43 F.3d 491, 494 (10th

Cir. 1994) (footnote omitted). In order for a guilty plea to be knowing and voluntary,

however, it must be "'done with sufficient awareness of the relevant circumstances and likely

consequences.'" McMann v. Richardson, 397 U.S. 759, 766 (1970) (quoting Brady v. United

States, 397 U.S. 742, 748 (1970)). We have held that "under certain limited circumstances,

the prosecution's violation of *Brady* can render a defendant's plea involuntary." Wright, 43

F.3d at 496.

In order to successfully establish a Brady violation, Mr. Johnson must show (1) the

evidence was suppressed, (2) the suppressed evidence was exculpatory, or favorable, to the

defendant, and (3) the suppressed evidence was material to the defendant's guilt or

punishment. Id. at 824-26. Neither in the district court record, nor in the record on appeal

does the government refute that certain pieces of evidence were known by the prosecution

at the time of the suppression hearing. Moreover, the government does not refute that this

evidence would have been impeaching. See United States v. Buchanan, 891 F.2d 1436, 1443

(10th Cir. 1989) ("[B]ecause impeachment is integral to a defendant's constitutional right to

cross-examination, there exists no pat distinction between impeachment and exculpatory evidence under *Brady*."). Therefore, assuming that the evidence identified by Mr. Johnson was in fact withheld by the prosecution and favorable to Mr. Johnson, we focus on the third prong of the Brady test, whether the allegedly suppressed evidence would have been material to the outcome of his suppression motion.

In United States v. Bagley, 473 U.S. 667, 682 (1985), the Supreme Court set forth a single test to be applied when determining materiality in all instances of failure to disclose, including cases where the request for information was either specific or general, or in cases where no request was made. The Court held that "[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. In addition, the court may also consider "any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case . . . in light of the totality of the circumstances." Id. at 683.

Officer Sanchez testified at the suppression hearing that Mr. Johnson had signed a consent to search form prior to his search of the car. R. Vol. II at 26-29. Mr. Johnson testified that he did not consent to the search of the car, and that he was told by Officer Sanchez that the form he was signing was a warning ticket. Id. at 88-89. Because, at the time of the arrest, Mr. Johnson presented a driver's license belonging to his brother,

Raymond Johnson, identified himself to Officer Sanchez as Raymond Johnson, and lied to another officer regarding his prior narcotics convictions, the court elected to accept the facts as related by Officer Sanchez. Id. at 105-06.

In his motion, Mr. Johnson alleged that, at the time of his suppression motion hearing, the prosecution was aware that Officer Sanchez's credibility had been questioned at two earlier federal suppression hearings and that a number of suspects arrested by Officer Sanchez were not prosecuted, allegedly because there were questions concerning the legality of the arrests. Mr. Johnson alleged that the government's failure to disclose this evidence denied him due process at the suppression hearing, and had this evidence been disclosed there is a reasonable probability that the outcome of the suppression hearing would have been different.

Given the circumstances, and applying Bagley to our examination of the record, we conclude that disclosure of the evidence existing at the time of the hearing, even if impeaching, would not establish a reasonable probability that the outcome of the suppression hearing would have been different. First, we question whether the evidence in question would have been admitted at the suppression hearing. Even if it had been admitted, however, in light of Mr. Johnson's lack of truthfulness, our confidence in the result of the hearing has not been undermined. See Bagley, 473 U.S. at 682. Therefore, we hold that the evidence was not material, and that its nondisclosure by the prosecution does not constitute a Brady violation.

Mr. Johnson unsuccessfully moved to supplement the record with evidence of subsequent incidents where Officer Sanchez's veracity had been questioned, evidence that Officer Sanchez's religious fervor had interfered with his ability to do his job, and evidence that he experienced employment problems and eventual discharge resulting from his mental health problems and his approach to and handling of traffic stops and searches involving drugs. Mr. Johnson's reliance on Mesarosh v. United States, 352 U.S. 1 (1956), to support his contention that this information, which came into existence after the suppression hearing, is nonetheless material and relevant, is misplaced. On motion of the government in Mesarosh, the Court granted a new trial to the defendants because it determined that a government informant's alleged perjurious testimony, given subsequent to the Mesarosh trial, was so material that it could not be conclusively determined that the testimony did not significantly affect the case against the Mesarosh defendants. Id. at 10-11.

Although it may initially appear that the Mesarosh decision supports Mr. Johnson's claim, Mesarosh is distinguishable from the facts here. First, Mesarosh was decided on a motion for new trial and not on an assertion of failure to disclose in violation of Brady. Second, in Mesarosh, the motion for new trial was brought by the government questioning the testimony of its own witness. Finally, at Mr. Johnson's suppression hearing, the outcome did not rest solely on the credible testimony of Officer Sanchez, but instead, was predicated on the untruthful nature of Mr. Johnson's representations to the officers involved in his arrest. We therefore conclude that, because this evidence did not come into existence until

after Mr. Johnson's suppression hearing, it cannot be considered undisclosed information under Brady.

## B. Ineffective Assistance of Counsel

Second, Mr. Johnson alleged that his trial counsel was ineffective in failing to discover the impeaching evidence. To establish ineffective assistance of counsel, Mr. Johnson must demonstrate that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "We review claims of ineffective assistance de novo." United States v. Lopez, 100 F.3d 113, 118 (10th Cir. 1996).

Mr. Johnson presented his Brady claim and his ineffective assistance of counsel claim in the alternative. We note that "[u]nder either analysis, our final inquiry is the same: has our confidence in the outcome been undermined?" Banks v. Reynolds, 54 F.3d 1508, 1515 n.14 (10th Cir. 1995).

The magistrate judge assumed "*arguendo*" that "alternatively, counsel's alleged failure to discover the information about Sanchez fell below the standard for attorney competence." R. Vol. I, tab 46 at 4. In this light, we consider whether Mr. Johnson has shown prejudice as a result of his counsel's omission. Mr. Johnson has the burden of proving that "there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694.

For the same reasons set forth in our discussion rejecting Mr. Johnson's Brady claim, we determine that our confidence in the outcome of Mr. Johnson's suppression hearing has not been undermined by counsel's failure to discover the information. Therefore, we hold that Mr. Johnson has failed to establish prejudice, and his representation was constitutionally effective.

## C. Motion for Evidentiary Hearing

Mr. Johnson also appeals from the district court's denial of his motion for an evidentiary hearing. Section 2255 requires the district court to conduct a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We review the district court's denial of an evidentiary hearing for abuse of discretion. See United States v. Barboa, 777 F.2d 1420, 1422 n.2 (10th Cir. 1985). In light of our decision in this case and based on a careful review of the record, we conclude that the district court did not abuse its discretion when it declined to grant an evidentiary hearing in this matter.

## D. Motion to Supplement the Record

Finally, Mr. Johnson asserts that the district court abused its discretion in denying his motion to supplement the record with transcripts of suppression hearings at which Officer Sanchez testified, depositions of Officer Sanchez, police reports prepared by Officer Sanchez, and a motion and order entered in another case in which Officer Sanchez was involved. In recommending the motion be denied, the magistrate judge agreed with the government's position in opposition, that because most of the information related to events which happened after Mr. Johnson's suppression hearing, it was irrelevant. R. Vol. I tab 45. In reviewing this motion and the evidence Mr. Johnson sought to submit, we conclude that the district court's denial was not an abuse of discretion

III.  Conclusion

The primary question here is whether Mr. Johnson's guilty plea was rendered involuntary by the fact that impeaching evidence was not available at the suppression hearing, through prosecutorial nondisclosure or ineffective assistance. See Wright, 43 F.3d at 496 (holding that "under certain limited circumstances, the prosecution's violation of *Brady* can render a defendant's plea involuntary"). In conclusion, we determine that Mr. Johnson did not establish that disclosure or discovery of the evidence regarding Officer Sanchez would have created a reasonable probability that the outcome of his suppression

hearing would have been different. Therefore, the district court's order dismissing Mr. Johnson's § 2255 motion is AFFIRMED.

Entered for the Court


Robin J. Cauthron
District Judge