**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

LUIS MENDOZA-ALARCON,

  Defendant - Appellant.

No. 20-2069
(D.C. Nos. 1:19-CV-00613-JCH-SMV &
1:14-CR-03758-JCH-SMV-1)
(D. New Mexico)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

A federal jury convicted Luis Mendoza-Alarcon of conspiracy to possess with intent to distribute five kilograms or more of cocaine. Mr. Mendoza-Alarcon filed a motion under 28 U.S.C. § 2255, arguing his trial counsel provided ineffective assistance by (1) failing to request further legal instruction in response to a jury question, and (2) failing to argue in closing that the government had not proven intent to distribute. The district court denied the motion without the evidentiary hearing requested by Mr. Mendoza-Alarcon and without accepting a proffered affidavit from his trial counsel. It also denied Mr. Mendoza-Alarcon a certificate of appealability ("COA").

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mendoza-Alarcon now asks this court to hear his appeal from that order and reverse the district court's decision. For the reasons stated below, we deny his request for a COA and dismiss this matter.[1]

## I.    BACKGROUND[2]

Mr. Mendoza-Alarcon and Giovanni Montijo-Dominguez were convicted after a joint jury trial of, as relevant to this appeal, conspiracy to possess cocaine with intent to distribute. At trial, they did not dispute that Mr. Mendoza-Alarcon had attempted to purchase a large quantity of cocaine. Their defenses were that Mr. Mendoza-Alarcon acted under duress due to a threat to his daughter and that Mr. Montijo-Dominguez was unaware he was participating in a drug deal, instead believing he was helping Mr. Mendoza-Alarcon pay a cartel not to harm Mr. Mendoza-Alarcon's daughter. Accordingly, Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez argued there was no

---

[1] Mr. Mendoza-Alarcon asks to supplement the record with the majority of exhibits entered at trial. He informs us the government takes no position on his request. We grant his request with regard to the electronically filed exhibits and deny it with regard to his request to conventionally file DVDs. Having considered the electronically filed exhibits, which include transcripts of the video and audio files Mr. Mendoza-Alarcon seeks to file conventionally, we determine the conventionally filed recordings would not alter our conclusions. And our review of the electronically filed exhibits indicates we need not discuss them in detail as they do not bear upon our conclusions that the jury necessarily determined Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez conspired with one another, and that the jury followed the jury instructions.

[2] Some volumes of the Record on Appeal have transcripts which appear to have been stamped with numbers in the prior appeal but now no longer reflect the page number in those volumes because other transcripts have been placed before them. We cite to the page of the PDF in the current Record on Appeal.

conspiracy with regard to the drugs and that Mr. Montijo-Dominguez, like Mr. Mendoza-Alarcon, was acting under duress.

### A. Factual History

According to Mr. Mendoza-Alarcon, he participated in several telephone conversations between May and September of 2016 with Lazaro Mendoza-Dominguez[3] regarding Mr. Mendoza-Alarcon's purchase of a house. During these conversations, Mr. Mendoza-Alarcon revealed he had $150,000 in cash available to put toward the purchase.

On September 29, Lazaro called to confirm Mr. Mendoza-Alarcon still had the money. When Mr. Mendoza-Alarcon indicated that he did, Lazaro told Mr. Mendoza-Alarcon he would be contacted by a Mexican drug cartel to purchase drugs. Lazaro instructed Mr. Mendoza-Alarcon to complete the purchase and to bring the drugs to Lazaro. Otherwise, Lazaro threatened, the cartel would kidnap and torture Mr. Mendoza-Alarcon's adult daughter, who lived in Mexico. And, Lazaro warned, the cartel would do the same if Mr. Mendoza-Alarcon involved the police or mentioned Lazaro. Lazaro told Mr. Mendoza-Alarcon the cartel contact would identify as "Sergio" and use certain code words to refer to drugs and money. Mr. Mendoza-Alarcon testified he took this threat seriously, and his daughter testified that he instructed her to go live with her grandparents.

---

[3] We refer to Lazaro Mendoza-Dominguez by his first name to avoid confusion with the defendants.

3

Homeland Security Investigations ("HSI"), part of the Department of Homeland Security, provided additional evidence. HSI learned that a person called "Leche was interested in . . . purchasing 6 kilograms of cocaine." ROA, Vol. V at 802. HSI also discovered that Leche was Mr. Mendoza-Alarcon. Acting on this information, an undercover HSI agent posing as a cartel member called Mr. Mendoza-Alarcon to set up the transaction, purportedly on behalf of "Sergio." Mr. Mendoza-Alarcon contacted his friend, Mr. Montijo-Dominguez, who agreed to accompany Mr. Mendoza-Alarcon to Albuquerque. Mr. Mendoza-Alarcon maintains he told Mr. Montijo-Dominguez only that they needed to deliver money to prevent the kidnapping of Mr. Mendoza-Alarcon's daughter. Mr. Mendoza-Alarcon testified he told Mr. Montijo-Dominguez nothing about the drug transaction. The two men drove to Albuquerque, where HSI agents posing as cartel members gave Mr. Mendoza-Alarcon packages that he believed contained cocaine. Mr. Mendoza-Alarcon instructed Mr. Montijo-Dominguez to turn over the $150,000 in exchange. HSI then arrested both men.

### B. Procedural History

The government charged Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in addition to other charges not relevant here. The matter proceeded to a joint jury trial.

In closing, the government argued Mr. Mendoza-Alarcon had entered into an agreement with Lazaro and brought Mr. Montijo-Dominguez into that agreement. The government did not explicitly discuss the intent to distribute element, but rather focused

4

on the duress defense and Mr. Montijo-Dominguez's knowledge that he was participating in a drug deal. But it also implied the money Mr. Mendoza-Alarcon brought to the drug deal was ill-gotten, possibly from drug trafficking beyond the charged conduct. Mr. Mendoza-Alarcon's trial counsel used closing argument to argue duress and did not directly address intent to distribute.

The district court instructed the jury:

> A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

> The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

ROA, Vol. III at 523. This instruction appeared on page 6 of the jury instructions.

During deliberations, the jury sent a note to the judge: "pg 6 of instructions—2 or more persons agreed to possess . . . . . Who can be the 2 people—agents, defendants, etc.?" *Id.* at 542. Mr. Mendoza-Alarcon's trial counsel took the position that "the instruction stands on its own. There's no reason to supplement it with an additional answer." ROA, Vol. V at 2054. The government argued—incorrectly—that under "federal law . . . it can be anyone" and the district court should so inform the jury. *Id.* at 2055; *contra United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985) (holding "that there can be no indictable conspiracy involving only the defendant and government

5

agents or informers"). Mr. Mendoza-Alarcon's trial counsel asked the district court to tell the jury, "You must rely on the instruction as given." *Id.* at 2056. The district court agreed with Mr. Mendoza-Alarcon's trial counsel, noting the instruction was "a Tenth Circuit pattern instruction. So, [it was] inclined, then, to just stick with the circuit's instruction." *Id.* at 2058. The district court accordingly sent a note to the jury reading, "You must rely on the Court's instructions as written." *Id.*

The jury found Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez guilty on the conspiracy count. The district court sentenced Mr. Mendoza-Alarcon to 144 months' imprisonment.

Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez both appealed, arguing the district court erred in denying their motions for judgment of acquittal and refusing to clarify the conspiracy instruction in response to the jury's question. *United States v. Montijo-Dominguez*, 771 F. App'x 870, 871 (10th Cir. 2019) (unpublished). Mr. Montijo-Dominguez also challenged his sentence. *Id.* We consolidated their appeals under Federal Rule of Appellate Procedure 3(b)(2). *Id.* Concluding that both defendants had invited error, we held they were precluded from contesting the trial court's response to the jury's question. *Id.* at 874. Next, we rejected the defendants' claims that no evidence showed they conspired to distribute cocaine and that, because Mr. Montijo-Dominguez did not know about the cocaine, the government had presented insufficient evidence to prove conspiracy. *Id.* at 874–75. We explained that the intention "to transfer possession of the cocaine to Lazaro" was intent to distribute. *Id.* at 875. And we held there was sufficient evidence to support such an intention, including the amount of the narcotics (although

6

that would not be sufficient alone), "testimony that Mr. Mendoza[-Alarcon] spoke to the agents about a 'next time,'" and testimony that the federal agents "believed [Mr. Montijo-Dominguez] to be an experienced drug trafficker" based on their conversation with him. *Id.* In response to Mr. Montijo-Dominguez's sentencing challenge, we expressly concluded that "the jury necessarily must have found that Mr. Montijo[-Dominguez] knowingly participated in a conspiracy with Mr. Mendoza[-Alarcon]." *Id.* at 876.

Mr. Mendoza-Alarcon timely filed a motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court referred the motion to a magistrate judge, who recommended it be denied without an evidentiary hearing. The magistrate judge proposed holding that Mr. Mendoza-Alarcon's trial counsel had not fallen below an objective standard of reasonableness regarding the jury question, and that neither the failure to request a supplemental jury instruction in response to the jury question nor the failure to argue the government had not proved intent to distribute was prejudicial. Mr. Mendoza-Alarcon objected. The district court adopted the magistrate judge's proposed findings and recommended disposition, entered judgment, and denied a COA. Mr. Mendoza-Alarcon then filed a notice of appeal and asked this court to grant a COA.

## II.   DISCUSSION

Under 28 U.S.C. § 2253(c)(1)(B), appeal from a final order on a motion under 28 U.S.C. § 2255 is allowed only upon issuance of a COA. To obtain a COA, Mr. Mendoza-Alarcon must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

7

are adequate to deserve encouragement to proceed further." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336. A "claim can be debatable [for COA purposes] even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 338).

Mr. Mendoza-Alarcon raised two claims of ineffective assistance of counsel, one claim relating to his trial counsel's failure to request a specific response to the jury's question and one claim relating to his trial counsel's failure to argue in closing that the government had not proven intent to distribute. He asks us to issue a COA on both claims. "To establish ineffective assistance of counsel, a movant must show (1) that counsel's representation was deficient because it 'fell below an objective standard of reasonableness' and (2) that counsel's 'deficient performance prejudiced the defense.'" *United States v. Herring*, 935 F.3d 1102, 1107 (10th Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

The prejudice prong of the *Strickland* test is dispositive of both claims. "The standard measure of prejudice in the context of an ineffective assistance of counsel claim is the effect an attorney's deficient performance had on the result or outcome." *United States v. Rushin*, 642 F.3d 1299, 1309 (10th Cir. 2011). Mr. Mendoza-Alarcon must show "there is a reasonable probability that, absent the errors, the factfinder would have had a

8

reasonable doubt respecting guilt." *Hanson v. Sherrod*, 797 F.3d 810, 826 (10th Cir. 2015) (quoting *Strickland*, 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 741 (10th Cir. 2016) (quoting *Strickland*, 466 U.S. at 694).

### A. The Jury Question

Mr. Mendoza-Alarcon argues his trial counsel was ineffective for failing to ask the district court to inform the jury that he could not be convicted of conspiracy "based on agreement with a government agent or cooperator," and that the district court erred in rejecting this ineffective assistance argument. Appellant Br. at 37. The district court held Mr. Mendoza-Alarcon did not establish prejudice from the failure to request such a response, because the evidence did not support that Lazaro was a government agent and the jury necessarily found Mr. Mendoza-Alarcon conspired with Mr. Montijo-Dominguez, who was not a government agent. Mr. Mendoza-Alarcon argues the district court "overlooked . . . facts suggesting Lazaro was cooperating with the government." *Id.* at 42. Additionally, he argues the evidence demonstrated no conspiracy with Mr. Montijo-Dominguez. Because no reasonable jurist could disagree with the district court's conclusion that the jury necessarily determined Mr. Mendoza-Alarcon conspired with Mr. Montijo-Dominguez, we deny a COA on this issue.

"In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Before the magistrate judge, Mr. Mendoza-Alarcon "made only one argument regarding" the theory that he had conspired with Mr. Montijo-Dominguez: that

9

the jury's note would be unnecessary if the jury had made such a finding. ROA, Vol. I at 2302. He makes this argument on appeal as well. But Mr. Mendoza-Alarcon added an argument in his objections to the magistrate judge's report and recommendation: that the jury could have concluded Mr. Montijo-Dominguez conspired with the government agents. He raises this argument again on appeal. We agree with the district court that this argument was waived by Mr. Mendoza-Alarcon's failure to raise it before the magistrate judge.

Moreover, we are not persuaded by Mr. Mendoza-Alarcon's properly preserved argument that the jury question would have been unnecessary "[i]f the jury had concluded that [the] defendants conspired with each other." Appellant Br. at 46. The note asked, in full, "pg 6 of instructions—2 or more persons agreed to possess . . . . . Who can be the 2 people—agents, defendants, etc.?" ROA, Vol. III at 542. So, the jury evinced the same level of uncertainty about whether the two defendants could conspire as whether a defendant could conspire with a government agent. It went on to convict both Mr. Mendoza-Alarcon and Mr. Montijo-Dominguez of conspiracy to possess the cocaine with intent to distribute. The government's theory presented to the jury was that Mr. "Mendoza-Alarcon entered into this agreement with Lazaro" and then "brought [Mr.] Montijo-Dominguez into the agreement." ROA, Vol. V at 1963.

On direct appeal, we held the "evidence was sufficient to support a finding that Mr. Mendoza[-Alarcon] and Mr. Montijo[-Dominguez] conspired to possess with an intent to distribute large quantities of cocaine." *Montijo-Dominguez*, 771 F. App'x at 876. That holding was based upon the theory that they conspired with one another. *Id.* at 875–

10

76. And in rejecting an argument from Mr. Montijo-Dominguez that the jury might have credited his testimony to the contrary, we held "the jury necessarily must have found that Mr. Montijo[-Dominguez] knowingly participated in a conspiracy with Mr. Mendoza[-Alarcon]." *Id.* at 876.

Under these circumstances, Mr. Mendoza-Alarcon is not entitled to a COA to challenge the district court's conclusion that trial counsel's failure to ask the district court to instruct the jury that a conspiracy may not be with a government agent, whether deficient or not, did not prejudice Mr. Mendoza-Alarcon.

### B. Intent to Distribute

Mr. Mendoza-Alarcon argues the district court also erred in rejecting the argument that his counsel was ineffective for failing to argue the intent to distribute element in closing. Assuming without deciding that Mr. Mendoza-Alarcon's trial counsel was deficient in failing to argue the government had not proven intent to distribute, no reasonable jurist would disagree with the district court's conclusion that this assumed error did not result in prejudice. Mr. Mendoza-Alarcon provides only three sentences of argument on this point: the first is conclusory, the second notes only that the district court "surmised that the jury may have believed [Mr.] Mendoza-Alarcon's testimony, but concluded that [the] defendants technically did not meet the stringent requirements of the duress defense," and the third speculates, "it is reasonably probable that the jury would have weighed . . . in conjunction with the lack of evidence of drug trafficking or drug history on Mendoza-Alarcon's part and arrived at a different verdict." Appellant Br. at 51–52.

11

This argument relies on the assumption that the jury was not "made aware that the government was required to prove a shared intent to distribute." *Id.* at 52. But the jury was instructed it needed to find beyond a reasonable doubt that "two or more persons agreed to possess a controlled substance for distribution." ROA, Vol. III at 523. "[A] jury is presumed to follow the trial court's instructions." *Grant v. Royal*, 886 F.3d 874, 940 (10th Cir. 2018). Mr. Mendoza-Alarcon's argument that, despite this instruction, "the jury could easily have failed to realize that it was required to specifically find that two or more persons shared the intent to distribute" flies in the face of this presumption. Appellant Br. at 49. Furthermore, it is unsupported by any argument that might rebut such presumption. Accordingly, Mr. Mendoza-Alarcon has not met his burden of demonstrating a COA is warranted on the ground that his trial counsel was ineffective in failing to argue in closing that the government had failed to prove intent to distribute.

### C. *Decision Not to Hold an Evidentiary Hearing*

Mr. Mendoza-Alarcon also asks for a COA on the question of whether the district court erred in denying his request for an evidentiary hearing. Mr. Mendoza-Alarcon argues he was entitled to an evidentiary hearing because the record does not conclusively show he is entitled to no relief. *See* 28 U.S.C. § 2255(b). Because we hold no reasonable jurist could disagree with the district court's conclusion that the record definitively shows no prejudice arose from trial counsel's alleged failures, no COA is warranted on this ground.

## III. CONCLUSION

For the foregoing reasons, we DENY Mr. Mendoza-Alarcon's request for a certificate of appealability and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge