UNITED STATES of America, Appellee,

v.

Joseph Francis VALVERDE,
III, Appellant.

No. 87–1644.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1988.

Decided May 16, 1988.

---

Jack L. Lassiter, Little Rock, Ark., for appellant.

Terry L. Derden, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Joseph Francis Valverde, III, appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of conspiring to escape while in federal custody. For reversal, Valverde argues that the district court erred in (1) denying his motion for a judgment of acquittal; (2) allowing hearsay statements of a coconspirator into evidence; (3) denying his motion for a court appointed expert; and (4) restricting the testimony of his expert witness. We affirm.

The facts of this case are multitudinous. The following, therefore, is a summary of the essential scheme to place it into its proper context. Additional facts will be discussed throughout the remainder of this opinion as necessary.

The record reveals Valverde conspired to escape from custody from two different Arkansas jails while being held on federal felony charges. From April 17, 1986, until June 26, 1986, while held at the Garland County jail, Valverde first formulated his scheme. From June 26, 1986, until July 15, 1986, and from July 18, 1986, until Septem-

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern Dis- trict of Arkansas.

ber 15, 1986, while held at the Saline County Jail, Valverde continued his efforts to escape custody while being held on felony charges. The facts relating to the escape attempt were established through the testimony of Dan Walker, an immunized government witness, deputy sheriffs acting in an undercover capacity in meetings with Valverde, several body mike recordings, and two telephone recordings. Several other witnesses also corroborated the details of the conspiracy.

Valverde was charged in Count I with conspiracy under 18 U.S.C. § 371 to escape from confinement in a county jail while awaiting trial on other federal charges in violation of 18 U.S.C. §§ 751, 752.[2] Count II charged Valverde with attempting to escape while confined pending charges in another case, in violation of 18 U.S.C. § 751. Counts III and IV charged Valverde with offering a thing of value to deputy sheriffs in violation of 18 U.S.C. § 201. On March 19, 1987, a jury convicted Valverde on all four counts. On March 31, 1987, the district court sentenced Valverde to a total of seven years imprisonment, fined him $50,000 on each count, and imposed a $50 special assessment on each count. This appeal followed.

■ Valverde first challenges the district court's denial of his motion for a judgment of acquittal as to Count I because of insufficiency of the evidence to prove that he conspired with anyone to effectuate his escape from jail. Valverde asserts one cannot commit a conspiracy with a government agent who does not intend to enter into an agreement. Valverde cites *United States v. Fincher*, 723 F.2d 862 (11th Cir.1984), and *United States v. Walls*, 577 F.2d 690 (9th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978), in support of his argument.

It is well established that in reviewing a denial of a motion for judgment of acquittal "we must view the evidence in the light most favorable to the government." *United States v. DeLuna*, 763 F.2d 897, 924 (8th Cir.), *cert. denied*, 474 U.S. 980, 106

S.Ct. 382, 88 L.Ed.2d 336 (1985); *see also United States v. Springer*, 831 F.2d 781 (8th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988). We will reverse only if we conclude that no reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988). We find that the evidence, viewed in the light most favorable to the government, amply demonstrates Valverde conspired with persons who were not government agents to escape from federal custody.

In this case, the record contains Valverde's direct admissions on tape and to law enforcement officers revealing his actions to escape from custody. Several witnesses testified that the conspiracy began when Valverde provided $10,000 to have a fellow prisoner, Willie Nixon, released from the Garland County Jail to assist Valverde in his escape attempt.[3] Moreover, government witness Walker testified in detail about his efforts to help Valverde escape. Walker testified that several individuals provided Nixon and him with instructions about escape attempts through the use of coded messages, false names, and midnight deliveries. Valverde further admitted to Deputy Mike McNeil that the scheme was an escape attempt. McNeil, acting in an undercover capacity, had met with Valverde several times and had secretly recorded the conversations. The record also contains a great deal of circumstantial evidence corroborating the alleged conspiracy. It is well established that the essential elements of a crime may be proved by circumstantial evidence. *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Rodriguez*, 812 F.2d 414, 416 (8th Cir.1987). There was also evidence that Valverde planned his escape with Nixon, a non-government agent. This evidence was provided by the testimony of Walker, who related a statement by Nixon that he (Nixon) was going

---

2. Valverde was being held for importation of marijuana in violation of 21 U.S.C. § 952.

3. Nixon had been confined at the Garland Jail at the same time as Valverde.

to help his friend (Valverde) to escape.[4] We hold the district court did not err in denying Valverde's motion for judgment of acquittal. There was sufficient evidence that a reasonable fact finder could have found Valverde guilty of conspiracy to escape beyond a reasonable doubt.

Valverde asserts, however, that Walker's testimony regarding Nixon's statement should not have been admitted. Valverde argues that the district court abused its discretion and violated the confrontation clause of the sixth amendment in admitting this statement as a statement of a co-conspirator under Fed.R.Evid. 801(d)(2)(E) because the statement was not supported by sufficient indicia of reliability. Valverde further argues the government failed to comply with the requirements of *United States v. Bell*, 573 F.2d 1040 (8th Cir.1978). We disagree.

The Supreme Court recently addressed the admissibility of the statements of co-conspirators. *Bourjaily v. United States*, —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). In analyzing the admissibility of co-conspirator statements, the Court first determined whether the statements fell within the definition of Fed.R.Evid. 801(d)(2)(E). *Id.* 107 S.Ct. at 2778. The Court held that there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'in the course and in furtherance of the conspiracy.'" *Id.* (citation omitted). The Court concluded, however, that the "Confrontation Clause does not require a court to embark on an independent inquiry into the reliability of statements that satisfy the requirements of [Fed.Evid.] Rule 801(d)(2)(E)." *Id.* at 2782. The Court also determined that Fed.R.Evid. 104(a) requires the district court to apply a preponderance of the evidence standard in assessing the admissibility of the evidence.

In the present case we must decide whether the district court properly found by a preponderance of the evidence that a conspiracy existed between Valverde and Nixon; there can be no question but that if such a conspiracy existed, Nixon's statement was in the course and in furtherance of the conspiracy. The record amply demonstrates that Valverde and Nixon along with other individuals were involved in a conspiracy to effectuate Valverde's escape. The record shows the conspiracy began when Valverde provided $10,000 to have Nixon released from the Garland County Jail. Additionally, Walker testified as to Nixon's statements that he (Nixon) was going to get his friend out. Moreover, the record contains Valverde's direct admissions on tape to law enforcement officers, testimony as to the scheme involving the exchange of thousands of dollars, coded messages, false names, midnight deliveries, and several meetings with Valverde. We thus hold that the district court did not abuse its discretion in admitting Walker's testimony regarding Nixon's statements. *E.g., United States v. DeLuna*, 763 F.2d at 909.

Valverde next argues that the district court erred in denying his motion to obtain expert services at government expense. Valverde contends that he should have been allowed expert testimony in the form of a linguistic expert who would have testified that the tape recorded statements taken by the deputy sheriffs were not intended to influence the officers. Specifically, Valverde challenges the district court's denial of his request for government funds under 18 U.S.C. § 3006A(e) to pay for the preparation of a testimonial offer on the subject of linguistic evidence. We cannot say that the district court committed error in denying this request.

The decision to appoint an expert is a matter within the sound discretion of the district court in light of the particular facts. *United States v. St. Pierre*, 812 F.2d 417, 420 (8th Cir.1987). Section 3006A(e) requires the court to authorize expert services for an indigent defendant whenever the services are necessary for an adequate defense. *United States v. One*

---

**4.** Walker also testified about a laser gun, characterized Nixon as "nuts" and stated his fear of Nixon.

*Feather,* 702 F.2d 736, 738 (8th Cir.1983). The burden is on the defendant to establish that expert services are necessary. *Id.; see also United States v. Sailer,* 552 F.2d 213 (8th Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977).

The district court denied Valverde's motion, holding that Valverde did not qualify as an indigent and had failed to establish that expert testimony would be of assistance to the jury in determining whether the taped conversations were undertaken in jest. We find the district court did not abuse its discretion in denying Valverde's request for expert services under 18 U.S.C. § 3006A(e). We do not believe that the proposed expert witness would have assisted the trier of fact in evaluating the taped recordings. We are satisfied that the district court acted well within its discretion when it found the offer in this case was not an issue appropriate for expert testimony.

Valverde's final contention is that the district court erred in restricting the testimony of his corrections expert. Valverde contends the expert would have testified that the tapes were consistent with non-serious conversations between prison guards and prisoners. Valverde argues the proffered testimony did not include an opinion regarding his specific intent, and thus did not address the ultimate issue of his guilt or innocence. We disagree.

The admission or exclusion of expert testimony is within the discretion of the district court. *United States v. Purham,* 725 F.2d 450, 454 (8th Cir.1984). Moreover, Fed.R.Evid. 704(b) provides that expert witnesses may not testify "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone." Valverde essentially wanted to ask the expert to tell the jury whether his conversations with the guards were in fact bribery attempts. This was precisely the issue before the jury. We thus hold that the district court's restriction of the proffered testimony was within its discretion. Accordingly, the district court's judgment is affirmed.