134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionil FERNANDEZ, Defendant-Appellant.
 No. 97-50036.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1998.
Decided Jan. 22, 1998.
 
 Before: LAY**, GOODWIN, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Lionil Fernandez appeals his conviction, following a jury trial, on three counts of bank robbery, and sentence of 87 months in prison. The relevant facts are set forth fully by the parties and are not in dispute.
 
 I. MOTION TO SUPPRESS
 A. Terry stop
 
 3
 We review de novo the issue of whether an investigatory stop constitutes a warrantless arrest or an investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968). United States v. Torres-Sanchez, 83 F.3d 1123, 1127 (9th Cir.1996). Whether a stop pursuant to Terry has been transformed into an arrest requiring probable cause depends on the totality of the circumstances. United States v. Alvarez, 899 F.2d 833, 838 (9th Cir.1990). Officers making Terry stops are "authorized to take such steps as [are] reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop." United States v. Hensley, 469 U.S. 221, 235 (1985). See also Alexander v. County of Los Angeles, 64 F.3d 1315, 1320 (9th Cir.1995) ("[i]t is well settled that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable"); Washington v. Lambert, 98 F.3d 1181, 1186 (9th Cir.1996) ("pointing a weapon at a suspect and handcuffing him, or ordering him to lie on the ground, or placing him in a police car will not automatically convert an investigatory stop into an arrest that requires probable cause").
 
 
 4
 Although the police had no specific information that Fernandez and Dominguez were armed, they did know that a bank had just been robbed and that they were pursuing what appeared to be the getaway car with an occupant matching the robber's description. It was reasonable for the officers to believe that the suspects might have weapons on them or in the car in order to facilitate the getaway, making it necessary for them to approach the suspects with their guns drawn for protection. See id. at 1189, citing United States v. Jacobs, 715 F.2d 1343, 1346 (9th Cir.1983) and Alexander v. County of Los Angeles, 64 F.3d at 1317 ("especially intrusive means of effecting a stop [are permitted] in special circumstances, such as ... where the stop closely follows a violent crime"). See also United States v. Tilmon, 19 F.3d 1221, 1227 (7th Cir.1994); United States v. Jackson, 652 F.2d 244, 249 (2d Cir.1981). Compare United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990) (seizure constituted an arrest where police had extensively observed a nonviolent drug transaction and there was no evidence that the defendant was "particularly dangerous").
 
 
 5
 This reasonable belief that the suspects might be armed, along with the fact that there was more than one suspect, also justified the police in handcuffing them. See United States v. Bautista, 684 F.2d 1286 (9th Cir.1982); Tilmon, 19 F.3d at 1228; Taylor, 716 F.2d at 709. Moreover, the police were justified in keeping the suspects handcuffed while in the patrol car, inasmuch as they were soon to be removed for witness identification. The police were not required to remove the handcuffs only to have to place them on again when the witnesses arrived. Handcuffing during that period "eliminated the possiblility of an assault or escape attempt ..., particularly if an arrest became imminent" upon witness identification. Bautista, 684 F.2d at 1290. See also Allen v. City of Los Angeles, 66 F.3d 1052, 1055 (9th Cir.1995). Thus, the officers used no more force during the investigative stop than was reasonably necessary to protect their own safety and ensure that they could maintain the status quo.
 
 
 6
 Finally, the fact that Fernandez was kept in the police car from 20 to 45 minutes did not serve to escalate the investigative stop into an arrest. While the duration of a stop alone may serve to make it violative of the Fourth Amendment, United States v. Place, 462 U.S. 696, 709 (1983), the duration of this stop fell within appropriate bounds. See, United States v. Sharpe, 470 U.S. 675, 685, 686 (1985) (20-minute detention); United States v. Mondello, 927 F.2d 1463, 1471 (9th Cir.1991) (30-minute detention); United States v. Richards, 500 F.2d 1025, 1029 (9th Cir.1974) (detention of over an hour). Thus, in order to determine whether this stop passes muster under the Fourth Amendment, we must also consider "the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes," by "examin[ing] whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the [suspect]." United States v. Sharpe, 470 U.S. 675, 685, 686 (1985). See also, United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051 (9th Cir.1994).
 
 
 7
 Fernandez was detained in the patrol car only as long as was necessary for police at the scene to confirm or dispel their suspicions that Fernandez was the bank robber by communicating the information relating to the suspects and their vehicle and getting the necessary witness identifications. There is no evidence that the police were dilatory in their investigation, or that the police had an alternative, quicker means to accomplish their objectives which they unreasonably failed to use. See Sharpe, 470 U.S. at 687; Mondello, 927 F.2d at 1471 (30-minute detention permissible where time was spent applying dog sniff test to luggage); Richards, 500 F.2d 1025, 1029 (9th Cir.1974) (detention of over an hour did not constitute an arrest where time was spent checking with the FAA to ascertain whether airplane was stolen).
 
 B. Arrest and automobile search
 
 8
 Whether exigent circumstances justify a warrantless arrest or seizure is a question of law reviewed de novo. United States v. Gooch, 6 F.3d 673, 679 (9th Cir.1993). Whether probable cause supports a warrantless search of a vehicle is a question of law reviewed de novo. Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996). We look to the totality of the circumstances known to the officers prior to any search conducted incident to an arrest, and will find that probable cause exists when police officers have reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed an offense. United States v. Harvey, 3 F.3d 1294, 1296 (9th Cir.1993).
 
 
 9
 By the time Fernandez's car was searched and he was placed under arrest, police had abundant probable cause to believe that he was the robber and that his unusual El Camino was the getaway car. The teller's identification of Fernandez was sufficiently trustworthy to cause a prudent person to believe that Fernandez had committed the bank robbery. Where the suspect's race, build and distinctive clothing are known to an eyewitness, "the probabilities of all of these characteristics matching an innocent person at that time and place [are] not so great as to make it imprudent to rely upon ... [the eyewitness'] identification." Id. at 1296.
 
 
 10
 Inasmuch as the officers had probable cause to search Fernandez's car and arrest him,[1] the evidence seized as a result of this search was admissible at trial to prove that Fernandez robbed the Great Western Bank in Huntington Beach on December 7, 1995.
 
 C. Statements made prior to Miranda warning
 
 11
 Before law enforcement agents question a person in Custody, they must advise that person of his constitutional rights. Miranda v. Arizona, 384 U.S. 436, 467 (1966). However, this applies only to statements which are made in response to interrogation. Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Where the facts are not in dispute, the question of whether a defendant was subjected to an interrogation is a mixed question of law and fact reviewed de novo. United States v. Mereno-Flores, 33 F.3d 1164, 1168 (9th Cir.1994). Statements which are spontaneous and not in response to questions by agents are admissible as "volunteered statements." United States v. Gordon, 974 F.2d 1110, 1115 (9th Cir.1992) The court reviews de novo the voluntariness of a confession. United States v. Andaverde, 64 F.3d 1305, 1310 (9th Cir.1995), cert. denied, 116 S.Ct. 1055 (1996).
 
 
 12
 While Fernandez was indeed in custody for the purposes of the Miranda requirement, see United States v. Henley, 984 F.2d 1040, 1042 (9th Cir.1993), the circumstances of his being subjected to the field show-up after waiting in the police car were not the functional equivalent of interrogation. Rhode Island v. Innis, 446 U.S. at 300, (interrogation "reflect[s] a measure of compulsion above and beyond that inherent in custody itself"). The statements Fernandez made during the field show-up were spontaneous, and the police did not exert any measure of compulsion on Fernandez above and beyond that inherent in his being detained awaiting witness identification. Thus, this statement was not the product of interrogation, but rather was Admissible as a voluntary statement not subject to the Miranda requirement.
 
 D. Statements made after Miranda warning
 
 13
 Pursuant to United States v. Henley, 984 F.2d 1040, the government agreed not to use the statements Fernandez made regarding the control and ownership of the El Camino incident to its search. Nevertheless, this "technical" Miranda violation (see Oregon v. Elstad, 470 U.S. 298, 318 (1985)) did not taint Fernandez's statements made after being given Miranda warnings and waiving his rights. "The admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made." Id. at 309. "Statements are involuntary if under the totality of the circumstances, the government obtained the confession by coercion or improper inducement." United States v. Turner, 926 F.2d 883, 888 (9th Cir.1991) (quotation omitted).
 
 
 14
 Even if Fernandez was under the influence of drugs during these two interviews, that alone was insufficient to establish that his statements made after the Miranda warnings were involuntary. The circumstances surrounding Fernandez's statements would not yield a finding that the drugs influenced the voluntariness of the statements. See United States v. Martin, 781 F.2d 671, 674 (9th Cir.1985). More importantly, however, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.' " Colorado v. Connelly, 479 U.S. 157, 167 (1986). Failure to investigate whether Fernandez was capable of making a voluntary statement could hardly be construed as "coercive police activity," and in any event, the officers did indeed investigate Fernandez's ability to make a voluntary statement, determining that Fernandez was capable of doing so.
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 15
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). To preserve the right on appeal to test the sufficiency of the evidence, the defendant must renew or make a motion for acquittal at the close of all evidence. See United States v. Carpenter, 95 F.3d 773, 775 (9th Cir.1996), cert. denied, 117 S.Ct. 1094 (1997). Because Fernandez failed to do so, our review is for plain error. Id. at 775. Viewing the evidence in a light most favorable to the government, it cannot be said that there was insufficient evidence to support the jury verdict on Counts Two and Three.[2]
 
 
 16
 Although, for Count Two, neither the teller nor the customer service manager were able to identify Fernandez as the robber, both had given descriptions of the robber matching Fernandez's general description. And, for Count Three, although the teller was unable to identify him as the robber either in court or in surveillance photos, the jury could see from those photos that the subject depicted therein looked much like Fernandez. Meanwhile, for Count Two, while a witness provided a license number for the getaway car which turned out to be registered to a motorcycle, this does not establish that the witness had identified the wrong El Camino; it merely indicates that the witness described a license plate which, although on the car, was not the true license plate for that automobile.
 
 III. APPLICATION FOR EXPERT WITNESS
 
 17
 The district court's denial of Fernandez's application, pursuant to 18 U.S.C. § 3006A (e)(1), is reviewed for abuse of discretion. United States v. Labansat, 94 F.3d 527, 530 (9th Cir.1996), cert. denied, 117 S.Ct. 1013 (1997). Fernandez must show that the lack of an expert deprived him of effective assistance of counsel, by demonstrating "both that reasonably competent counsel would have required the assistance of the requested expert for a paying client, and that he was prejudiced by the lack of expert assistance. Prejudice must be shown by clear and convincing evidence." Id. (citation omitted).
 
 
 18
 Fernandez has not established that reasonably competent counsel would have required the assistance of a surveillance photo expert under these circumstances. A jury would be just as capable of examining a still photo to determine whether its image matched that of Fernandez's car, and a photo could be easily enlarged or a magnifying glass could be used to assist the jury in that task. See e.g., United States v. Valverde, 846 F.2d 513, 517 (8th Cir.1988) (upholding the district court's denial of defendant's motion to obtain services of a linguistic expert to analyze tape recorded statement for expression of intent, finding that such an expert would not help the jury's evaluation of the tape recording).
 
 
 19
 Moreover, Fernandez cannot show by clear and convincing evidence that he was prejudiced by the district court's denial of his motion. By Fernandez's own account this expert testimony would not be sufficient to allow him to make a serious claim that he was not the one who robbed the Wells Fargo bank.
 
 
 20
 AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Fernandez consented to the search of his car, we need not reach the issue of the voluntariness of that consent, inasmuch as we find that the search was supported by probable cause
 
 
 [2]
 Fernandez also contends that evidence was insufficient to convict him on Count Four. The jury hung on that count and it was dismissed on the government's motion. Thus, it is not before us on appeal