**William EDWARDS, (Libelant), Appellant,**

v.

**Frank HURTEL, Appellee.**

**No. 83–1667.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1983.

Decided Sept. 26, 1983.

Rehearing Granted Nov. 4, 1983.

---

**3.** In view of the disposition of this case, we find it unnecessary to address the Brookinses' remaining contentions.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, Kan., for appellant.

B.H. Clampett, Daniel, Clampett, Rittershouse, Dalton, Powell & Cunningham, Springfield, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

William Edwards appeals from the district court's order dismissing his cause of action for lack of subject matter jurisdiction. Edwards claims that the district court erred in finding that Table Rock Lake, upon which he suffered injuries when his boat was struck by the boat of Frank Hurtel, is not navigable for purposes of invoking admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

Edwards argues that Table Rock Lake falls within the definitional prerequisites of the "contemporary navigability in fact" rule adopted by this circuit in *Livingston v. United States,* 627 F.2d 165 (8th Cir.1980), *cert. denied,* 450 U.S. 914, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981).

After a careful review, we uphold the district court's finding of non-navigability. In ruling on Hurtel's motion to dismiss, the district court took judicial notice of a number of facts pertinent to our affirmance. Although Edwards submitted to the district court affidavits supporting his assertion that commercial activity occurs on Table Rock Lake, Edwards did not then challenge and does not now raise as an issue on appeal the propriety of the judicial notice taken. Accordingly, we are guided by the following judicially noticed facts:

> The recreational nature of Table Rock Lake is generally known within the territorial jurisdiction of this Court. * * * [T]he lake has not been susceptible of use for commercial shipping and in fact has been used *exclusively* [emphasis added] for recreational activities. * * * Furthermore, there is no reasonable likelihood that Table Rock Lake will become or be made navigable in the near future.

Admiralty jurisdiction in this case turns on contemporary navigability in fact. Although we acknowledge the Sixth Circuit's decision in *Finneseth v. Carter,* 712 F.2d 1041 (6th Cir.1983), in which the court held that an interstate lake was navigable for purposes of invoking admiralty jurisdiction because of a showing of the lake's capability or susceptibility for use as an interstate highway of commerce, we need not address that issue under the facts of this case.

Edwards' action was properly dismissed for want of jurisdiction and the issues arising from his boating accident are matters for a state court and state tort law. We affirm on the basis of the district court's opinion. *See* 8th Cir. Rule 14.