**William EDWARDS (Libelant), Appellant,**

v.

**Frank HURTEL, Appellee.**

**No. 83–1667.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 29, 1983.

Decided Jan. 10, 1984.

B.H. Clampett, Daniel, Clampett, Rittershouse, Dalton, Powell & Cunningham, Springfield, Mo., for appellee.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, Kan., for libelant-appellant.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

In an opinion filed September 26, 1983, *Edwards v. Hurtel,* 717 F.2d 1204 (8th Cir. 1983), this court, relying upon the briefs and without oral argument, upheld the district court's dismissal of Edwards' cause of action for lack of admiralty jurisdiction. We noted that in ruling on Hurtel's motion to dismiss, the district court took judicial notice of a number of facts pertinent to our affirmance. Edwards did not raise as an issue on appeal the propriety of the judicial notice taken.

In his petition for rehearing, Edwards for the first time suggested to this court that the district court improperly resorted to judicial notice in finding the facts. We granted a rehearing to ascertain whether the issue had been fairly raised in the district court and thus preserved for appeal. The case was argued before the panel on

November 29, 1983, and at that time Edwards challenged the fact-finding process of the district court. Edwards acknowledged, however, that he had not previously challenged the propriety of the district court taking judicial notice, and a review of Edwards' motion for reconsideration also reveals a failure on Edwards' part fairly to apprise the district court of the alleged error.

 Although Federal Rule of Evidence 201(e) entitles a party, upon timely request, to be heard as to the propriety of taking judicial notice, Edwards' challenge is untimely. It is a well-established rule that issues not raised in the trial court cannot be considered by this court as a basis for reversal. *Kelley v. Crunk,* 713 F.2d 426, 427 (8th Cir.1983). The primary purpose of the rule is promptly to inform the district judge of possible errors, and thus give the judge an opportunity to reconsider the ruling and make desired changes. *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976). This rule is followed "in all but exceptional cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Kelley v. Crunk, supra,* 713 F.2d at 427. This is not an exceptional case. As Edwards specifically requested in his motion for reconsideration, the district court considered the affidavits submitted and reevaluated its ruling. We are satisfied that the district court, unaware that its finding of the facts by judicial notice was under attack, examined and weighed the affidavits and fairly concluded that, to the extent the facts asserted therein were credible, they failed to alter the court's previous characterization of Table Rock Lake as a recreational body of water. In sum, the district court found that the prevailing use of Table Rock Lake is recreational and that commercial activities on the lake are and in the future will be too insignificant to alter the lake's primary recreational usage. From the oral argument of counsel we understand why the district court gave the affidavits little credence. We ratify this panel's prior opinion, and without expressing any view as to the propriety of the district court taking judicial notice of the nature of Table Rock Lake, we affirm the district court's decision.