UNITED STATES of America, Appellee,

v.

Silvio Perez RODRIGUEZ, Appellant.

No. 86–1871.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1987.

Decided Feb. 27, 1987.

Norman Wilkinson, Fort Smith, Ark., for appellant.

Mark W. Webb, Fort Smith, Ark., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and CAHILL,* District Judge.

CAHILL, District Judge.

Appellant Silvio Perez Rodriguez was convicted by a jury of aiding and abetting co-defendant Nicholas Garcia in the crimes of obstruction of the mail, forging, and uttering, in violation of 18 U.S.C. §§ 2, 495, and 1702. On appeal, Rodriguez contends that the district court erred in denying his motion for judgment of acquittal on the basis that the evidence was insufficient to support a conviction. In the alternative, Rodriguez argues that he is entitled to a new trial as the verdicts are contrary to the weight of the evidence. We affirm the judgment of the district court.[1]

## I. FACTS.

In February 1983, Jose C. Salina filed for an income tax refund, but after months passed without receipt of the check, Jose Salina filed a claim and requested that the IRS trace the check.

The IRS investigated Salina's claim and found that the refund check had been mailed on March 11, 1983, to an address in Fort Smith, Arkansas, the home address of Mrs. Salina's half-sister, Minerva Carson, with whom the Salinas had previously lived. The investigation revealed that the check had been cashed on March 15, 1983. The check had not been endorsed by either of the Salinas.

The evidence at trial showed that after the Salinas moved they continued to receive mail at Minerva Carson's home and they expected the refund check to be mailed to that address. Subsequent to the Salinas moving out of Ms. Carson's house, Hazel Robinson and the defendant, Silvio Perez Rodriguez, took up residence in the Carson home. The evidence also showed that because Carson was illiterate, Robinson would survey the mail and inform Carson to whom the mail belonged. Mrs. Salina was accustomed to being contacted by Carson if she had received any mail.

On the day in question, Robinson announced that there was a check among the mail that was received. However, before Robinson could identify to whom the check was addressed, Silvio Perez Rodriguez had taken the check and left the house stating that he was going to cash the check. Shortly thereafter, he returned with the check folded in his pocket announcing that he was unable to get the check cashed. Once again, Rodriguez left the house, but this time he left in a car that was waiting for him outside. Upon his return, he handed Robinson $100.00, half of which she gave to Carson. Rodriguez never received any other checks in the mail while he resided at the Carson house.

At trial, Rodriguez claimed that Robinson gave him the check and when he realized that the check was not addressed to him, he returned it to her. He admitted leaving the house and returning with $100.00. Rodriguez' co-defendant, Nicholas Garcia, pled guilty to forging the Salinas' name on the refund check. Garcia also stated that Rodriguez gave him the check. During direct examination, however, Garcia claimed he received the check from Orlando Garcia rather than Rodriguez. When confronted with the sworn statement he gave to the Secret Service agents, he admitted to having stated previously that Rodriguez had given him the check. In addition, he admitted that he had stated under oath to the Court, during a hearing for changing his plea, that he received the check from Silvio Rodriguez. A fingerprint specialist, Cory Burns, testified that he identified four of Rodriguez' fingerprints on the Treasury check.

The jury returned a verdict of guilty on all three counts. The district court sentenced Rodriguez to 18 months on each count, to be served consecutively.

---

* The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Morris S. Arnold, United States District Judge, Western District of Arkansas.

## II. MOTION FOR JUDGMENT OF ACQUITTAL.

Rodriguez contends that the district court committed error when it denied his motion for judgment of acquittal because the evidence was primarily circumstantial; therefore, it was insufficient to prove that it was Rodriguez who gave the check to Garcia.

■ In the Eighth Circuit the rule is that a motion for a judgment of acquittal should be denied when, after reviewing the evidence in the light most favorable to the government, there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced. *United States v. Lincoln*, 630 F.2d 1313, 1316–1317 (8th Cir.1980), *citing Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ In reviewing the evidence the government is given the benefit of all inferences that may reasonably be drawn in its favor. *United States v. Coronel Quintana*, 752 F.2d 1284, 1292 (8th Cir.1985); *United States v. Hutchings*, 751 F.2d 230, 238 (8th Cir.1984); *Lincoln*, 630 F.2d at 1316. Moreover, it is not essential for the prosecution to exclude every reasonable hypothesis of guilt, *United States v. Nabors*, 762 F.2d 642, 653 (8th Cir.1985); rather, the evidence need only be sufficient enough that a reasonable minded jury could conclude beyond a reasonable doubt as to the existence of any of the essential elements of the crime charged. *United States v. Netz*, 758 F.2d 1308 (8th Cir.1985); *United States v. Sparr*, 748 F.2d 1249, 1252 (8th Cir.1984), *quoting United States v. Brim*, 630 F.2d 1307, 1308, 1311 (8th Cir.1980), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981). The essential elements of a crime may be proved by circumstantial evidence as well as direct. *Holland v. U.S.*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954); *Coronel*, 752 F.2d at 239; *United States v. Hudson*, 717 F.2d 1211, 1213 (8th Cir.1983).

■ The law in this circuit is clear that the essential elements of aiding and abetting are: 1) that the defendant associated himself with the unlawful venture; 2) that he participated in it as something he wished to bring about; and 3) that he sought by his action to make it succeed. *United States v. LaGuardia*, 774 F.2d 317 (8th Cir.1985); *United States v. Netz*, 758 F.2d 1308 (8th Cir.1985). The evidence indicates that the jury reasonably could have concluded that Rodriguez' participation satisfied these elements.

■ Although there is no direct evidence, our review of the record reveals that the government presented a substantial amount of circumstantial evidence from which the jury could reasonably infer that Rodriguez aided and abetted Garcia in forgery, uttering, and obstruction of the mail. The transcript contains testimony that Rodriguez lived in the Carson household at the time the check was mailed and had access to the mail. Robinson remembers receiving a check in the mail and giving it to Rodriguez. Initially, Rodriguez left with the check in his possession and returned with the check folded in his pocket. The refund check presented at trial had a fold impression. Upon his second return he had $100.00. When first questioned, Rodriguez denied stealing or touching the check; however, the results of a fingerprint analysis proved that four of the fingerprints on the check were Rodriguez'. When informed of the results of the fingerprint expert's analysis, Rodriguez changed his story and claimed that he had taken the check but returned it to Robinson when he recognized that the check was not payable to him. In our view, it was reasonable for the jury to conclude that Rodriguez took Salina's refund check and gave it to Garcia to cash.

When the evidence is considered in the light of the principle as previously stated, we are satisfied that a submissible case was made and that the jury verdict was amply sustained by the evidence. Therefore, the district court properly denied the motion for judgment of acquittal.

## III. MOTION FOR A NEW TRIAL.

In support of his motion Rodriguez argues that the verdict was not consistent with the weight of the evidence.

"When a motion for a new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is whether he is entitled to a new trial. In assessing the defendant's right to a new trial, the court must weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." *United States v. Lincoln,* 630 F.2d at 1316. The court will only set aside the verdict if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. We will not reverse the district court's decision absent a clear and manifest abuse of discretion. *United States v. Bonadonna,* 775 F.2d 949, 957 (8th Cir.1985); *United States v. Ferguson,* 776 F.2d 217, 225 (8th Cir.1985); *United States v. Bohn,* 508 F.2d 1145, 1150 (8th Cir.1975).

After reviewing the entire record we cannot say that the district court abused its discretion in refusing to grant Rodriguez a new trial on the ground that the verdict was contrary to the weight of the evidence. It is the opinion of the court that the evidence weighs heavily in favor of the verdict.

Finally, as his last point for reversal, Rodriguez contends that it was inappropriate for the Court to allow Garcia's prior inconsistent statements, that were used for impeachment purposes, to be admitted as substantive evidence. Defendant failed to raise this issue in the trial court. It is a well established rule that issues not raised in the trial court cannot be considered by this Court as a basis for reversal. *Edwards v. Hurtel,* 724 F.2d 689, 690 (8th Cir.1984); *Kelley v. Crunk,* 713 F.2d 426, 427 (8th Cir.1983); *Morrow v. Greyhound,* 541 F.2d 713, 724 (8th Cir.1976).

Judgment affirmed.