915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore ROBINSON, Defendant-Appellant.
 No. 90-5465.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 1, 1990.
Decided Oct. 16, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Chief District Judge. (CR-89-169)
 Jeffrey W. McCamic, McCamic & McCamic, Wheeling, W.V., for appellant.
 William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, W.V., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theodore M. Robinson appeals the district court's order denying his motion for judgment of acquittal on the basis that the government failed to make, as a matter of law, the requisite showing of specific intent for conviction of misapplication of student loan funds as required by 20 U.S.C. Sec. 1097(a). We have reviewed the briefs of counsel and the record in this case, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The evidence, viewed as it must be in the light most favorable to the government, supports the district court's conclusion that a reasonable jury could find defendant had the specific intent to misappropriate student loan funds. Accordingly, we affirm.
 
 
 2
 * Robinson was indicted by a Federal Grand Jury for the Northern District of West Virginia for violating the mail fraud statute, 18 U.S.C. Sec. 1341, and misapplication of student loan funds, 20 U.S.C. Sec. 1097(a). He was acquitted by a jury on the mail fraud charge, but was convicted on the misapplication of funds charge, for which he was ordered to pay a fine of $3,550 and sentenced to three years imprisonment. The charges stem from Robinson's application for and receipt of a loan to take two courses, Human Relations and "some management course," at West Virginia Northern Community College (WVNCC) in the fall 1984 semester. It is not disputed that in completing the application, Robinson signed a promissory note on July 17, 1984, in which he certified that the proceeds of any loan would be used for educational purposes at WVNCC and that he was responsible for any funds received. Robinson received a loan check in the amount of $2,332.81 and cashed the check on August 17, 1984. College enrollment figures show, and Robinson has not disputed, that Robinson attended only one class, the first meeting of the Human Relations course, and attended class no more. Thereafter, pursuant to WVNCC policy, Robinson was administratively withdrawn or dropped from the rolls for these two classes due to non-attendance. Robinson's own testimony indicates that he used the loan proceeds not to attend school, since he had been dropped, but rather for "general maintenance"--a new furnace, utilities, and food while defendant was not working.
 
 
 3
 Robinson was given ample opportunity to repay the loan. In July of 1985, the bank that made the loan sought payment from him, but was unsuccessful. Then, the United States attempted to collect, but also to no avail. Finally, the loan was declared in default, and the bank sought payment from the United States in accordance with the Guaranteed Student Loan Program. In January of 1989, the United States Attorney's Office sent Robinson a certified letter advising him that he was being investigated for federal crimes and offering him an opportunity to discuss the matter, and to explain mitigating circumstances, before the information was presented to a Grand Jury. Defendant did not answer the letter, and was indicted on July 18, 1989. At that time, Robinson contacted the United States Attorney's Office to discuss the matter. At the interview he alleged, as he testified at trial, that he had been unable to attend the classes due to a medical condition that required hospitalization at Ohio Valley Medical Center. At trial, the government put on the director of medical records from the Medical Center, who testified that there is no record of Robinson's receiving any treatment--let alone hospitalization for a week--during August or September 1984.
 
 II
 
 4
 Section 1097(a) makes it a crime for "[a]ny person who knowingly and willfully embezzles, misapplies, steals, or obtains by fraud, false statement, or forgery any funds, assets, or property provided or insured under" the Guaranteed Student Loan Program. Robinson correctly argues, and the government agrees, that specific intent is an element of the crime of misapplication of funds. The district judge carefully and accurately so instructed the jury. Robinson contends that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove that he "knowingly and willfully" misapplied loan funds.
 
 
 5
 The test for deciding a motion for acquittal at the close of the government's case, made pursuant to Rule 29, Fed.R.Crim.P., is whether there is sufficient direct or circumstantial evidence which, reviewed to give the government the benefit of all reasonable inferences, United States v. Rodriguez, 812 F.2d 414, 416 (8th Cir.1987), would sustain a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In testing the sufficiency of the evidence, a reviewing court must "give[ ] full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not exclude every hypothesis, but need only be sufficient that "any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis in original); see also Rodriguez, 812 F.2d at 416.
 
 
 6
 Assessing the evidence here under the appropriate standard, we are satisfied that a reasonable jury could find that Robinson "knowingly and willfully" misapplied federally insured funds. As indicated, it was not disputed that Robinson received a student loan check after promising to use the money for school, did not attend school (but for one class), and applied the money for food, utilities, and a new furnace. Robinson's only explanation as to why he did not attend class was his medical excuse, but that testimony was thoroughly discredited by the lack of any admission records from the Ohio Valley Medical Center. In addition, Robinson testified that since the "illness" interfered with his attending school in the fall, he would apply the funds to the spring semester. Though this shifting of funds from one semester to the next is not permitted by the loan program, see J.A. at 139-41, had it occurred here it certainly would bolster Robinson's claim that his misapplication of the funds was not willful. However, Robinson made no attempt to reenroll for the spring semester. And, more significantly, he made no attempt to repay any part of the loan. All of this evidence makes reasonable a conclusion that defendant had the requisite intent when he misapplied government-insured funds for his own private use.
 
 
 7
 While from this evidence conflicting inferences certainly could be drawn as to Robinson's specific intent in obtaining and applying the student loan funds, a properly instructed jury--as was the jury here--reasonably could have found from the evidence that beyond a reasonable doubt he did so with the specific intent to misapply the funds. The district court therefore did not err in denying his motion for acquittal on this basis.
 
 
 8
 AFFIRMED.