# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4077

_____

United States of America,

               Plaintiff-Appellee,

v.

David W. Goldman,

               Defendant-Appellant.

Appeal from the United States
District Court for the Western
District of Arkansas.

_____

Submitted: May 16, 2006
Filed: May 19, 2006

_____

Before MURPHY, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

     David Goldman pled guilty to one count of impeding bankruptcy proceedings in violation of 18 U.S.C. § 1509. The district court[1] sentenced him to ten months imprisonment and ordered him to pay $106,450 in restitution. On appeal Goldman argues that the court erred by enhancing his sentence under USSG § 3B1.3 for abuse of a position of public trust. We affirm.

_____

[1] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Goldman, a practicing attorney,[2] was indicted in June 2004 for conspiracy to commit bank fraud, bank fraud, and money laundering. The charges arose from his participation in a scheme to help his client Patrick Miller fraudulently obtain a $300,000 loan from Merchants and Planters Bank. He later pled guilty to one count of impeding bankruptcy proceedings by giving false and misleading testimony to the bankruptcy court. The government offered evidence at the plea hearing which showed that after Goldman learned about financial problems Miller was having with his boat business, he gave Miller a $500,000 check drawn from his client trust account and then directed Miller to obtain a loan to reimburse him. Other evidence offered at the hearing showed that while Goldman was acting as Miller's attorney he provided assurance letters to the lending bank about Miller's collateral, filed a bankruptcy petition for Miller, and gave false testimony to the bankruptcy court regarding the circumstances surrounding the $500,000 check and his own receipt of $300,000 from Miller's bank loan.

Goldman argues that there was no proof that his role as Miller's lawyer significantly contributed to his offense. He also complains that the district court made no specific findings to support the enhancement. On an appeal of a guideline sentencing enhancement we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Anderson, 349 F.3d 568, 573 (8th Cir. 2004).

The sentencing guidelines provide for a two level enhancement if a defendant has abused a position of public trust and the abuse significantly contributed to the commission or concealment of the charged offense. USSG § 3B1.3. A defendant acting in his capacity as an attorney occupies a position of public trust. United States v. Fitzhugh, 78 F.3d 1326, 1331 (8th Cir. 1996). Use of knowledge gained as an attorney to commit a crime subjects a defendant to an enhancement for abuse of a position of public trust under USSG § 3B1.3. See Anderson, 349 F.3d at 573-74. The

_____
[2] Goldman has since surrendered his license to practice law.

commentary to the guidelines explicitly mentions attorney embezzlement of client funds and fraudulent loan schemes as examples which qualify for the enhancement. USSG § 3B1.3, cmt.1.

At sentencing Goldman reaffirmed that the proof offered by the government at the plea hearing was an accurate statement of the facts and he made no objection to including the plea agreement in the record. The uncontroverted facts demonstrate that Goldman committed his crime while acting as Miller's attorney. We conclude that the district court did not err in finding that Goldman had abused his position of public trust by mishandling his clients' trust funds, falsifying documents, and lying to the bankruptcy court.

Goldman also complains that the court failed to provide specific reasons for applying the enhancement. The district court need not detail its reasons for applying an enhancement when it is based on unobjected to facts in the presentence investigation report and other record evidence. United States v. Morrell, 429 F.3d 1161, 1164 (8th Cir. 2005). Here the evidence and undisputed facts supported the court's finding that Goldman abused a position of public trust.

Accordingly, the judgment of the district court is affirmed.

_____