# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1611

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Alfred M. Craft, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2006
Filed: March 7, 2007

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

A jury found Alfred M. Craft guilty of two counts of witness tampering in violation of 18 U.S.C. § 1512. At sentencing, the court[1] enhanced Craft's sentence after determining that he had obstructed justice by misleading investigators about his finances. Craft appeals, arguing, that the evidence is insufficient to support (1) his witness tampering convictions and (2) his enhanced sentence for obstruction of justice. Finding ample record evidence to support both the conviction and the sentence enhancement, we affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

## I. *Background*

Craft, a farmer, baited carcasses with Temik, a federally-regulated pesticide, to poison coyotes, buzzards, and other unwanted animals entering his property. Neighbors reported Craft to authorities, who, after obtaining a warrant, found the remains of poisoned animals, as well as bags of Temik. After his indictment by a grand jury, Craft contacted two potential witnesses and instructed them not to cooperate with investigators. The government alleges that these conversations violated witness tampering laws. The witnesses Scottie Shreve, Craft's employee, and Debbie Tatum, Craft's ex-wife, testified for the government.

Craft pleaded guilty to the wildlife violations, and the jury convicted him of unlawful use of a pesticide and two counts of witness tampering. At sentencing, the government successfully sought an obstruction of justice enhancement, alleging that Craft tried to mislead investigators attempting to determine his net worth for sentencing purposes.

Craft appeals, contending that the evidence was insufficient to support the two witness tampering convictions. He also asserts that the court erred by imposing the obstruction enhancement.

## II. *Discussion*

"Evidence is sufficient to sustain a conviction if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hollins*, 432 F.3d 809, 811 (8th Cir. 2005) (internal citation omitted). The government receives the benefit of reasonable inferences that may be drawn from the evidence. *United States v. Cunningham*, 83 F.3d 218, 222 (8th Cir. 1996). We will set aside a verdict only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987).

## A. *Influencing the Testimony of Shreve*

Section 1512 prohibits any party from improperly interfering with information provided by another to investigators or the courts. To prove that Craft attempted to illegally influence the testimony of another, the government must establish two elements: first, that Craft knowingly engaged in corrupt persuasion and second, that the acts of corrupt persuasion were intended to influence the testimony of another in an official proceeding or during the course of an official investigation. *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005). Craft alleges the government failed to prove either element.

To convict a defendant of knowingly engaging in corrupt persuasion, a jury must determine that the defendant acted with "consciousness of wrongdoing." *Id.* at 706; see also *United States v. Bennington*, 168 F.3d 1060, 1066 (8th Cir. 1999) (holding that "[t]he ambiguous term 'corruptly persuades' includes 'attempting to persuade someone to provide false information to federal investigators'") (quoting *United States v. Farrell*, 126 F.3d 484, 488 (3d Cir. 1997)).

At trial, Shreve testified that Craft made several subtle threats against his job. The government substantiated Shreve's testimony with recorded conversations in which Craft insisted that Shreve tell investigators that he could not remember specific events and advising Shreve to mislead investigators. Craft insists that the testimonial evidence and recordings merely show that he was advising Shreve of the Fifth Amendment right against self-incrimination.

The jury rejected this argument. Viewing the evidence in the light most favorable to the government, we cannot say that the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *Rodriguez*, 812 F.2d at 417. We hold that the government produced sufficient evidence to prove that Craft acted with consciousness of wrongdoing and intended to influence Shreve's testimony.

## B. *Influencing the Testimony of Tatum*

The jury also convicted Craft of illegally attempting to influence the testimony of his ex-wife, Tatum. She testified that Craft called her repeatedly, each time insisting that she not talk to investigators. Tatum also testified that Craft told her that if she "crossed him," then she could get hurt and that she would regret it. Craft argues that he was under the mistaken impression that his conversations with Tatum would be protected by spousal privilege and, therefore, he was merely informing Tatum of her right not to speak to authorities pursuant to that privilege. The jury disbelieved Craft and did not do so unreasonably. Viewing the evidence in the light most favorable to the government, we cannot say that the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred. *Rodriguez*, 812 F.2d at 417.

## III. *Obstruction of Justice Enhancement*

"We review the district court's factual findings for clear error, but review de novo its determination that an obstruction of justice enhancement applies." *United States v. Otto*, 64 F.3d 367, 370 (8th Cir. 1995). We give "great deference" to a district court's decision to impose an obstruction of justice enhancement, but we will reverse the enhancement when the district court's findings are insufficient. *United States v. Flores*, 362 F.3d 1030, 1038 (8th Cir. 2004).

A district court may enhance a defendant's offense level under the Guidelines if the defendant "provid[es] materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, cmt. n. 4(h). Attempting to conceal one's financial assets from a probation officer can constitute obstruction of justice. *United States v. Anderson*, 68 F.3d 1050, 1056 (8th Cir. 1995); *United States v. Lloyd*, 947 F.2d 339 (8th Cir. 1991).

The district court based its enhancements upon four factual conclusions. First, Craft intentionally misrepresented the value of his assets, including his mortgage, to cause investigators to undervalue his net worth. Second, he attempted to liquidate his

assets and use the proceeds to buy gold and silver, which he could hide from investigators. Third, he attempted to transfer several other assets to his children to avoid collection. Lastly, he purposely directed investigators to an accountant who had no knowledge of Craft's assets or financial affairs.

Many of these factual findings are supported by recorded conversations between Craft and Shreve. These recordings clearly show that Craft planned to liquidate several of his assets and transfer others to his children. The court's factual findings were also supported by the testimony of investigators. Further, Craft does not dispute that he referred investigators to the wrong accountant; instead, he maintains that this referral was a simple mistake. Whether it was purposeful or a mistake was ultimately a question of witness credibility, which we have held is "is an issue for the sentencing judge that is virtually unreviewable on appeal." *United States v. Behler*, 14 F.3d 1264, 1273 (8th Cir. 1994) (internal citation and quotations omitted).

Accordingly, we find no clear error, as each of these findings is amply supported by the record.

## IV. *Conclusion*

We hold that the evidence was sufficient to convict Craft of witness tampering. We also hold that the district court did not clearly err by enhancing Craft's sentence for obstruction of justice. The judgment of the district court is affirmed.

_____