# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1646

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *    Appeal from the United States
    v.                             *    District Court for the
                                   *    Western District of Missouri.
Roberto Madrigal-Lopez,            *
                                   *    [UNPUBLISHED]
            Appellant.             *

_____

Submitted: May 23, 2007
Filed: May 29, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Roberto Madrigal-Lopez appeals the sentence the district court[1] imposed upon his guilty plea to reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). For reversal, counsel argues that the district court erred in enhancing Madrigal-Lopez's sentence for reckless endangerment during flight under U.S.S.G. § 3C1.2, and erred in denying Madrigal-

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Lopez an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. We disagree and affirm the sentence.

At sentencing, the government presented witnesses who described a high-speed chase which reached speeds of over 100 miles per hour over 5-6 miles, involved careening around curves on the highway, and ended in the vehicle leaving the roadway and crashing in a field. The vehicle's occupants--one of whom was Madrigal-Lopez--were apprehended the next morning as they fled on foot through a field. At sentencing, Madrigal-Lopez denied being the driver of the car, but one of the deputies testified that Madrigal-Lopez had admitted during questioning that he was in fact driving the car. The district court found the officer's testimony credible and assessed the 2-level reckless-endangerment enhancement. The court also found that Madrigal-Lopez's denial of relevant conduct--that he was the driver of the car that led police on the high-speed chase--was frivolous, which justified the denial of an acceptance-of-responsibility reduction.

We review de novo the district court's legal conclusions regarding application of an enhancement, and we review the factual findings for clear error. See United States v. Goldman, 447 F.3d 1094, 1096 (8th Cir. 2006). The district court's factual finding that Madrigal-Lopez was the driver of the vehicle, based upon the court's finding that the deputy's testimony regarding the admission was credible, was not clear error. See United States v. Craft, 478 F.3d 899, 901 (8th Cir. 2007) (witness credibility is issue for sentencing judge that is virtually unreviewable on appeal). Given this factual finding and the other uncontested evidence relating to the high-speed chase, the district court did not err in applying the reckless-endangerment enhancement. See U.S.S.G. § 3C1.2 (if defendant recklessly creates substantial risk of death or serious bodily injury to another person in course of fleeing from law enforcement officer, increase by 2 levels; "reckless" is defined by commentary to U.S.S.G. § 2A1.4); U.S.S.G. § 2A1.4, cmt. (n.1) ("reckless" means situation in which defendant was aware of risk created by conduct and risk was of such nature and

degree that to disregard it constituted gross deviation from reasonable standard of care); United States v. Harper, 466 F.3d 634, 649-50 (8th Cir. 2006) (district court did not err in applying § 3C1.2 enhancement where defendant's flight persisted over 3-4 miles of county roads at speeds in excess of 90 miles per hour and ended only after defendant spun out of control), cert. denied, 127 S. Ct. 1504 (2007).

Second, the district court did not clearly err in denying an acceptance-of-responsibility adjustment.  See U.S.S.G. § 3E1.1 cmt. (n.1(a)) (although defendant is not required to admit relevant conduct beyond offense of conviction to qualify for reduction, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"); U.S.S.G. § 1B1.3(a) (defining relevant conduct); United States v. Shepard, 462 F.3d 847, 873 (8th Cir. 2006) (standard of review), cert. denied, 127 S. Ct. 838 (2006); United States v. Annis, 446 F.3d 852, 857-58 (8th Cir. 2006) (district court did not clearly err in refusing § 3E1.1 adjustment where district court found that defendant falsely denied or frivolously contested relevant conduct and had challenged reliability of his previous statement), petition for cert. filed, (U.S. Aug. 1, 2006) (No. 06-5731).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____