# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2164

_____

United States of America,

        Appellee,

v.

Richard Fleming,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: January 16, 2008
Filed: April 1, 2008

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Fleming appeals the 210 month sentence he received for enticing a minor to engage in prostitution in violation of 18 U.S.C. § 2422(b). He argues the district court[1] erred when it included a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3C1.1 in calculating his sentencing range under the advisory guidelines, and erred in denying

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.[2] The district court applied an obstruction enhancement after finding he testified falsely at his sentencing hearing by denying he attempted to recruit a fellow inmate to kill the victim involved in the enticing charge. The district court also determined a reduction for acceptance of responsibility was inconsistent with his conduct in attempting to recruit a fellow inmate to kill the victim. The inmate he attempted to recruit also testified at the sentencing hearing; the district court credited such testimony and discredited Fleming's.

The determinations regarding both the obstruction enhancement and the denial of acceptance of responsibility turn on the district court's credibility determinations, an issue "that is virtually unreviewable on appeal." United States v. Craft, 478 F.3d 899, 902 (8th Cir. 2007) (quoting United States v. Behler, 14 F.3d 1264, 1273 (8th Cir. 1994)). Where there are two permissible views of the evidence, as there were here, the district court's choice of one over the other cannot be clear error. United States v. Bolanos, 409 F.3d 1045, 1048 (8th Cir. 2005). We therefore affirm.

_____

[2]In a supplemental brief, Fleming argues the government breached the plea agreement by advocating for the obstruction enhancement and failing to move for a reduction for acceptance of responsibility. That argument is without merit as the plea agreement specifically allowed the government "to contest this adjustment [for acceptance of responsibility] should the defendant subsequently . . . provid[e] false information to the court."