14-3104 (L); 14-4390 (Con)
United States v. Feng Ling Liu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

United States of America,
> *Appellee*,

> v.

Vanessa Bandrich, AKA Sealed Defendant 2, Feng Li, AKA
Sealed Defendant 3, Shuran Liu, AKA Sealed Defendant 4,
AKA Harry, Yuchang Miao, AKA Sealed Defendant 5, Rui
Yang, AKA Sealed Defendant 6, AKA Sunny Yang, AKA
Yang, Ms., Wen Ting Zheng, AKA Sealed Defendant 7, Guo
Qin Miao, AKA Sealed Defendant 8, AKA Lillian, Shu Feng
Xia, AKA Sealed Defendant 9, AKA Kevin LNU,
> *Defendants*,

Feng Ling Liu,
> *Defendant-Appellant*

_____

14-3104 (L)*
14-4390 (Con)

*14-3104(L) was closed by stipulation on December 10, 2014

FOR APPELLEE:                          Robert Boone, Karl Metzner, Assistant United States
                                       Attorneys, *for* Preet Bharara, United States Attorney for
                                       the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                Feng Ling Liu, *pro se*, Danbury, CT.

Appeal from the judgment of the United States District Court for the Southern District of

New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Feng Ling Liu appeals from a final judgment entered by the United States

District Court for the Southern District of New York.   Liu was convicted of conspiracy to commit

immigration fraud in violation of 18 U.S.C. § 371.   We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

**I. Prosecutorial Misconduct and Ineffective Assistance of Counsel**

Following her conviction, Liu moved for judgment of acquittal under Federal Rule of

Criminal Procedure 29 or, in the alternative, to set aside the jury verdict under Rule 33.   In her

motion, Liu advanced a number of claims of prosecutorial misconduct and also asserted that her

trial counsel rendered constitutionally ineffective assistance.   In a thorough and well-reasoned

opinion, the district court considered and rejected each of Liu's many arguments.   *See United*

*States v. Feng Ling Liu*, No. 12-CR-934-01 (RA), 2015 WL 4460898 (S.D.N.Y. July 20, 2015).

On appeal, Liu renews each argument.   Finding no error in the district court's opinion, we affirm

substantially for the reasons stated therein.

2

**II. Sentencing Enhancements**

We review criminal sentences for reasonableness, which includes both a procedural component and a substantive component, under an abuse of discretion standard. *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (relying on *Gall v. United States*, 552 U.S. 38, 51 (2007)). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis in original) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

With respect to the procedural reasonableness of her sentence, Liu challenges the district court's application of enhancements for (1) an offense involving one hundred or more fraudulent documents under U.S.S.G. § 2L2.1(b)(2)(C), (2) Liu's leadership role in the conspiracy under § 3B1.1(a), and (3) her abuse of a position of trust under § 3B1.3. Liu's arguments are without merit. First, for § 2L2.1(b)(2)(C) to apply, (a) there must be evidence regarding the relevant "quantity of illicit or fraudulent goods" and (b) that evidence must be "specific to the defendant." *United States v. Archer*, 671 F.3d 149, 162 (2d Cir. 2011). Here, as to the first element, there is no dispute that Liu's law firm filed hundreds of asylum applications, and the district court heard testimony, from multiple witnesses, that the vast majority of the applications were fraudulent. As to the second element, the district court heard testimony that Liu directed the persons immediately

3

responsible for filling out the fraudulent applications and reviewed and edited those applications. The district court did not clearly err in crediting this testimony, and application of the enhancement was therefore proper.

Second, the district court correctly applied an enhancement for Liu's leadership role. Whether a defendant qualifies as a "leader" for purposes of § 3B1.1 "depends upon the degree of discretion exercised by [the defendant], the nature and degree of [the defendant's] participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir. 2000) (quoting *United States v. Beaulieau*, 959 F.2d 375, 379-80 (2d Cir. 1992)). The evidence of Liu's leadership role in what was an extensive fraud involving numerous participants was overwhelming and included, without limitation, that Liu acted as the "boss" of the firm filing the fraudulent asylum applications, met with clients and discussed what types of claims they would make, edited storywriters' drafts, signed asylum applications, and instructed an employee to attend immigration hearings as a translator to gather information on what types of questions would be asked.

Third, the district court did not err in applying the enhancement for abuse of "a position of public or private trust." U.S.S.G. § 3B1.3. In *United States v. Walker*, we concluded that an attorney abused a position of trust when he "submitted false asylum applications on behalf of hundreds of immigrants." 191 F.3d 326, 338 (2d Cir. 1999). Liu argues that our holding in *Walker* turned on the fact that some of the immigrant clients in that case were unaware of the fraud whereas, according to Liu, the applicants in this case consented to the doctoring of their applications. We need not decide whether Liu is correct because, even if *Walker*'s reach is limited in that manner, Liu abused her position of "public trust," *see* U.S.S.G. § 3B1.3, with

4

respect to the Immigration Court when, as an officer of the court, she signed and submitted fraudulent applications. *Cf. United States v. Ntshona,* 156 F.3d 318, 321 (2d Cir. 1998); *United States v. Goldman*, 447 F.3d 1094, 1096 (8th Cir. 2006) ("A defendant acting in his capacity as an attorney occupies a position of public trust.").

We likewise reject Liu's challenge to the substantive reasonableness of her sentence, which is premised on the disparity between her sentence and that of her co-conspirators'. Our "concern about unwarranted disparities is at a minimum" when, as here, the sentence imposed by the district court "is within the Guidelines range." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (quoting *United States v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007)). Regardless, the district court explicitly considered the need to avoid *unjustified* disparities and explained that Liu's sentence was based on her role as a leader and her position as a lawyer. Accordingly, we find no error in Liu's sentence.

### III. Forfeiture

Liu also challenges the district court's forfeiture order. We have previously upheld this forfeiture order as against one of Liu's codefendants, *see United States v. Feng Li*, No. 14-3924-CR, 2015 WL 7005595, at *4-5 & n.3 (2d Cir. Nov. 12, 2015), and Liu provides no persuasive reason to depart from that ruling. Even if Liu were correct in the abstract that a district court may deduct costs associated with this type of fraud from the forfeiture amount, Liu's conclusory assertions are insufficient to warrant reversing the forfeiture order in this case. *See United States v. Mandell*, 752 F.3d 544, 553-54 (2d Cir. 2014).

We have considered Liu's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6