# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1539

_____

United States of America

*Plaintiff - Appellee*

v.

Alfred A. White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 8, 2016
Filed: February 16, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Alfred Arthur White, Jr. pled guilty to conspiracy to steal United States mail, and possession of stolen mail, in violation of 18 U.S.C. §§ 371 and 1708. He appeals the district court's[1] application of a two-level enhancement under U.S.S.G. § 3B1.1(c)

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

for the role of "organizer, leader, manager, or supervisor" in the conspiracy. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

"A leadership enhancement is warranted when an individual organizes or directs the participation of another and is reviewed for clear error." *United States v. Rodriguez-Ramos*, 663 F.3d 356, 364 (8th Cir. 2011). A defendant "need only have managed or supervised one other person to qualify for the enhancement." *United States v. Hoffman*, 707 F.3d 929, 935 (8th Cir. 2013). White argues there is insufficient evidence for the enhancement, and that the district court did not articulate facts detailing his leadership of the conspiracy.

The district court properly found that White directed the participation of Julee A. Hughes. The undisputed evidence in the record and presentence investigation report shows that White, along with Hughes, stole United States mail to get money orders, personal checks, cash, and other items of value. White was 51 years old at the time, and Hughes 21. Expecting to sell the stolen mail, White met with an undercover inspector. During the meeting White's statements show his control and authority over Hughes:

> "I'll tell you what I had my girl do yesterday . . . so I told her, this what you do."
>
> [advising Hughes on cashing checks] "[S]he said what if they ask what that is, tell them it's your mother f***ing stage name you're a f***ing female rapper."
>
> "Look at that little bitch, man, that bitch is my solider, bro."
>
> "I'm gonna have her put and [sic] the name that's got her ID on it and cash that mother f***er."

White stresses that Hughes shared in the proceeds, possessed the stolen mail, carried a sawed-off shotgun, stole a car, and drove it during a high-speed chase (while White

told her not to use the car's blinker). To the contrary, White exercised decision-making authority. During the sale, White alone negotiated the price of the stolen mail, never consulting Hughes. White said "I'd take maybe 40 cents on the dollar. I wouldn't take less than that. She wanted me to go to 30, I told her f*** that, I can't do that man. I mean, I could sell, I could sell the accounts, for the account numbers and routing numbers alone." White had two prior felony convictions—robbery in the first degree and armed criminal action. In the robbery conviction, White's accomplice entered the store with White's gun and demanded money while White sat in the parking lot. Similarly here, White told Hughes how to cash checks, and sent her to cash them. *See, e.g.*, *Hoffman*, 707 F.3d at 935 (finding leadership role where defendant "drove her to the bank, gave her the money and the account number, and instructed her on the proper procedure to make the deposit"); *United States v. Scott*, 448 F.3d 1040, 1044 (8th Cir. 2006) (finding defendant was leader or organizer because his coconspirators who were opening bank accounts and cashing counterfeit checks "played the roles of 'worker bees' who were on the front line of the conspiracy").

Finally, "the district court need not detail its reasons for applying an enhancement when it is based on unobjected to facts in the presentence investigation report and other record evidence." *United States v. Goldman*, 447 F.3d 1094, 1096 (8th Cir. 2006). *See also United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012). Here, the undisputed facts support the district court's finding that White directed Hughes during the conspiracy.

The judgment is affirmed.

_____